Opinion by
 

 Rhodes, J.,
 

 This habeas -corpus proceeding was begun in June, 1940, and involves the custody of a minor child then less than three years of age. The mother of the child is the relatrix, and the father and paternal grandmother are the respondents. After hearing, the court “ordered that the respondents, George H. Knouse and Lottie Knouse, now Lottie Dunham, deliver the said Shirley Anne Knouse, the minor child, to Hilda E. Lehman and Paul E. Lehman, — they to have the care and custody of her, and support and maintain her, the said Shirley Anne Knouse.” Hilda E. Lehman is the aunt of the child and sister of the relatrix.
 

 Respondents have appealed from the order.
 

 There seems to be no question that the aunt and the grandmother are fit and proper persons to have the custody and care of the child, and are able to provide for its support. Both are desirous of having its custody.
 

 After their marriage the father and mother of the child went to live with the former’s mother, where they lived together until May 18, 1940, when the relatrix left and went to live with her sister and brother-in-law at their home on the Federal Penitentiary Reservation, in Union County, Pa., where the brother-in-law, Paul E. Lehman, was employed. At the time of the hearing neither the relatrix nor the respondent, George H. Knouse, was employed, nor did either have any income with which to support their child.
 

 The minor child, Shirley Anne Knouse, was born on October 29, 1937.
 

 We think the determining factor in support of the award of the custody of the child to the Lehmans is the indefensible conduct of the respondent father. We are convinced that the child should not be reared under his influence or in his society, for the present at least. The testimony discloses, and he admitted, that he was a consistent drinker of intoxicating liquors. He was in the habit of becoming intoxicated nearly every day, and at
 
 *398
 
 the time of the hearing, and for some time previous thereto, had no gainful employment. He lived with his mother, and would necessarily continue to do so. The grandmother would, without doubt, give the child proper and lovable attention, but the father’s lack of observance of elemental proprieties is shown by the record including his own testimony. Not only was he frequently intoxicated, but he was willing to expose his wife to the same temptations, and displayed no judgment as to the places he often took her. Unquestionably he was largely responsible for the acts of the relatrix concerning which he and his mother complained. There was testimony that he gave intoxicating beverages to their minor child, and that he often struck and abused the relatrix. His testimony, for example, contained the following : “But I licked her — well, not exactly licked her but I slapped her at different times.”
 

 The child should be completely removed from such an influence, and therefore the award of its custody to the Lehmans was clearly proper and for its best interest and welfare. The relatrix and her child will live with them under apparently favorable surroundings, and she will probably be able to eventually contribute to its support and give it greater maternal attention. If expectations are not realized and changed conditions require it, further action may always be taken.
 

 The respondents on this appeal have also questioned the court’s order on the alleged ground that it was based on facts not disclosed by the record. In its opinion the court below carefully and fully reviewed the evidence which we agree supports its order, but it was also stated therein that the court had made a personal investigation of the parties. However, it does not appear that the order was based on anything other than the competent evidence in the case, and we are convinced that there would be no purpose in returning the record to the court below. In this type of case we have recognized 'that weight is to be given to the fact that the
 
 *399
 
 parties are likely to be known to tbe lower court, and that it bas bad a better opportunity to pass upon tbeir ability and character than we have.
 
 Com. ex rel. Witte v. Witte,
 
 80 Pa. Superior Ct. 397;
 
 Com. ex rel. Bentley v. Bentley,
 
 108 Pa. Superior Ct. 132, 136, 165 A. 44.
 

 As we said in
 
 Hixon’s Appeal,
 
 145 Pa. Superior Ct. 33, at page 35, 20 A. 2d 925: “Tbe governing criterion is, in all cases, tbe welfare and interest of tbe child. To this tbe rights of tbe parents and all other considerations are subordinated, and each case must be viewed in relation to tbe happiness, training, development and morals of tbe infant.”
 

 Having reviewed tbe proceedings as provided by tbe Act of July 11, 1917, P. L. 817, §1, 12 PS §1874, we agree with tbe conclusions of tbe court below, and will therefore affirm tbe order.
 

 Tbe court below bas not been unmindful that tbe paternal grandmother be given reasonable opportunity to visit her granddaughter at convenient times, and that if tbe father conducts himself in a proper manner be be given tbe same opportunity.
 

 Tbe order is affirmed.