Commonwealth ex rel. Walker, Appellant, *v.* Walker.

Argued April 18, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Clyde P. Bailey*, with him *Dane Critchfield* and *Bailey & Critchfield*, for appellant.

*Coleman Harrison*, for appellee.

OPINION BY ARNOLD, J., July 15, 1949:

In this non-support case the parties separated in 1939 and the present action was brought in 1942, after which the court below had no fewer than ten hearings arising on various petitions to modify, or to collect arrearages. The present appeal is by the wife, who had petitioned the court to increase the existing order of $70.00 per month, and upon which, after full hearing,

an order of $100.00 a month was made. Appellant alleges that the court abused its discretion in not awarding a greater sum; and also complains that the court refused to grant her leave to enter judgment for some $1500.00 of arrearages under prior orders.

We would be loath to convict the court of an abuse of discretion when, as here, the case had been before it on ten occasions. To do so would probably mean that we merely substituted our discretion for that of the court below. The defendant's take-home pay was approximately $450.00 a month, and under the circumstances of the court's familiarity with the whole situation, we affirm the order. While the relatrix claims to be suffering from various diseases, one of which is arrested, the testimony goes no farther than to show that she is unable to work. No statement is made by her as to any past or future medical expenses, medicines or treatments. She certainly has means and ability to travel a great deal between the states of Illinois and California, and to make frequent trips to Pennsylvania in connection with this support order. At the close of the testimony the trial judge said: "I know this case. I have been on this case a couple of times and I have gone over it. [The prior hearings.] These people have been in my office together. *This harassing business cannot go on*, but she has to have support." (Italics supplied.)

As to the court's refusal to permit the relatrix to enter judgment for the arrears of $1500.00, the court must be sustained. The defendant owned no real estate, so the purpose of the judgment was not to secure a lien. Its only use would be to proceed by execution against an automobile used by the defendant in his work, or to issue an attachment execution.[1] Since, under the Act of 1939, P. L. 440, 17 PS §263, the court had power to

---

[1] The various acts providing remedies for collecting of support orders will be found in 48 PS §§131 through 141, and §733 of The Penal Code, 18 PS §4733.

584

remit the arrearages, the appellant has no legitimate complaint under the circumstances here.

There was no petition by the relatrix to compel periodic payments on these arrearages, but we suggest that, since the defendant's take-home pay is approximately $450.00 per month, and since the present order is less than one-third thereof, serious consideration be given to requiring the defendant to make regular monthly payments thereon. His wife, having suffered when his wages were low, should be recompensed therefor when his wages are high.

The respective orders are affirmed.