Commonwealth *v.* Beavin, Appellant.

Argued September 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert Trucksess,* for appellant.

*Arthur W. Bean,* with him *Smillie, Bean & Scirica,* for appellee.

OPINION BY GUNTHER, J., November 22, 1950:

Respondent has appealed from an order requiring him to pay weekly sums for the support of his wife and their minor son, and complains that the court below erred in concluding that a separation agreement between the parties, interposed as a bar to support, was invalid because not carried out in good faith.

The parties were married on March 26, 1932, and separated on April 30, 1947. Appellant, during most of that time, was in the Navy and presently receives a pension of $119.00 a month. He is also a commercial artist and receives some earnings from that source. The parties have one child, age 11 years. On April 10, 1947, prior to the separation, the parties executed a separation agreement which provided, *inter alia,* that the wife was to have custody of the child; that she relinquish all rights to future support; and ". . . each party also agrees upon the request of the other to execute and acknowledge any and all deeds or instruments of release or conveyance in order to enable such other to sell, convey or otherwise dispose of his or her own real property, free from any apparent right of interest therein." Mrs. Beavin was the owner of certain real estate which she had inherited and proposing to sell this real estate sent a power of attorney to the appellant with a letter asking him to sign and return the same. Appellant made no reply to the letter, nor did he sign and return the power of attorney. At a later date, Mrs. Beavin requested a Navy chaplain to act as her intermediary to interview appellant personally and request him to sign the power of attorney. This was done, but appellant again refused to sign. Mrs. Beavin, not hearing from her hus-

band or the Navy chaplain, had herself declared a feme sole trader and the property was then sold. On March 8, 1950, Mrs. Beavin instituted this proceeding for support under Section 733 of the Act of June 24, 1939, P.L. 872, 18 PS 4733, and after hearing the court below imposed a support order of $14.00 a week for the support of appellee ($5.00) and minor son ($9.00). The defense interposed by appellant was that the separation agreement executed in 1947 released him from his liability for support.

Appellant cannot seriously question his liability to support his son, regardless of the agreement between the parties. The mother's agreement is not a bar to the rights of a minor child for support: *Commonwealth ex rel. Rey v. Rey,* 159 Pa. Superior Ct. 284, 48 A. 2d 131; *Commonwealth ex rel. Rossi v. Rossi,* 161 Pa. Superior Ct. 86, 53 A. 2d 887.

A separation agreement entered into between a husband and wife does not oust the jurisdiction of a court of quarter sessions in nonsupport proceedings. It is for such court to find whether the terms of the agreement are reasonable, whether the agreement was made without fraud or coercion and whether the agreement has been carried out in good faith. *Commonwealth ex rel. Rey v. Rey,* supra; *Commonwealth ex rel. McClenen v. McClenen,* 131 Pa. Superior Ct. 293, 200 A. 110. Appellee contends, and the court below found, that "the defendant broke the agreement by failing to sign the power of attorney sent to him". While by the terms of the 1947 agreement appellant was only required to sign deeds and a power of attorney is not specifically mentioned, it seems clear that in these circumstances such power of attorney was similar to a deed and intended to be included within the terms of the agreement by necessary inference. After a full hearing, the court below concluded, and there is ample testimony to support the finding, that the agreement had not been

76

carried out in good faith by appellant. No reasonable explanation appears in the record by the appellant why he did not sign the power of attorney. His only excuse was that "at that time, I had no counsel". Having broken material and substantial promises under the separation agreement, appellant cannot now interpose its provisions as a defense to his wife's right to support.

Order affirmed.