Commonwealth ex rel. Heller, Appellant, *v.* Yellin.

Argued September 28, 1953.   Before RHODES, P. J.,
HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Meyer W. Gordon,* with him *Marvin J. Apple,* for
appellant.

*Harry S. Kalson,* for appellee.

OPINION BY WRIGHT, J., December 29, 1953:

To the marital union of Samuel and Betty Yellin,
a daughter, Sharon Eileen, was born on June 13, 1945.
The parents were divorced on February 20, 1947.  The
County Court of Allegheny County subsequently or-
dered the father to pay for the child's support the
sum of $45.00 per month, the child to remain in the
mother's custody within the court's jurisdiction, and
the father to have certain visitation privileges.  Both
parents remarried.  The father thereafter secured a
divorce from his second wife, and continues to reside
in Pittsburgh.  The mother now resides with her sec-
ond husband, Murray Heller, in New York City.

On September 15, 1949, in accordance with a written stipulation of the parties, that portion of the former order requiring monthly support payments was abrogated, the father to "make and accumulate" in a savings account an educational fund for the child's use after her graduation from high school, the child to live with the mother in New York City, the father to have the right at his own expense to bring the child to Pittsburgh during the spring and summer school vacation periods and at Christmas. The mother was expressly not required to file a compliance bond. Each party was to support the child for such periods as he or she had custody. On October 16, 1952, the mother petitioned that the order of September 15, 1949 be cancelled, that an order of support be made, that she be given full custody with right of visitation limited to New York City, and that the educational fund be turned over to her. The lower court granted a rule to show cause, which rule was discharged after hearing. The mother has appealed.

The primary duty of support rests upon the father of a child, and his obligation is not abrogated by divorce: *Commonwealth ex rel. Yeats v. Yeats,* 168 Pa. Superior Court 550, 79 A. 2d 793. Contracts between husband and wife, if fairly made, are generally considered binding as to them, although legally ineffective to oust the jurisdiction of the court in a support action: *Commonwealth ex rel. Rossi v. Rossi,* 161 Pa. Superior Court 86, 53 A. 2d 887. A mother cannot, by contract, bargain away the right of her minor child to adequate support from the father, regardless of the validity of the agreement as between the parents themselves: *Commonwealth v. Beavin,* 168 Pa. Superior Ct. 73, 76 A. 2d 653. In each case it is for the court to determine whether or not the terms of the agreement are reasonable, made without fraud or coercion, and have

been carried out in good faith: *Commonwealth ex rel. Rey v. Rey*, 159 Pa. Superior Ct. 284, 48 A. 2d 131.

The background of the present controversy is important in determining the fairness of the agreement and the good faith of the parties. The mother desired to have the child live with her and attend school in New York City. When a parent is permitted to take a child beyond the jurisdiction of the court, a compliance bond is generally required to insure that said parent, at his or her expense, will return the child periodically to the custody of the parent remaining in the Commonwealth. See *Commonwealth ex rel. Balla v. Wreski*, 165 Pa. Superior Ct. 6, 67 A. 2d 595. In the case at bar, the mother obtained permission to remove the child from the court's jurisdiction without the requirement of a compliance bond, assuming full liability for the maintenance of the child while in her custody. The father agreed to establish a fund for the child's higher education, to pay the periodic transportation expenses, and to support the child while she was in his custody. This agreement was approved by the court and was embodied in the order of September 15, 1949. The mother's second husband acquiesced in the arrangement and was present in court when the order was made. It is significant that, in the mother's petition which culminated in the agreement and order, she averred that her second husband was "willing and financially able to provide a good and suitable home for your petitioner and her daughter".

The party seeking to modify a support order has the burden of showing, by competent evidence, such a change or changes in conditions as will justify modification: *Commonwealth ex rel. Thompson v. Thompson*, 171 Pa. Superior Ct. 49, 90 A. 2d 360; *Commonwealth ex rel. Mazon v. Mazon*, 163 Pa. Superior Ct. 502, 63 A. 2d 112; *Commonwealth ex rel. Orlowitz v.*

*Orlowitz,* 172 Pa. Superior Ct. 481, 94 A. 2d 366. The record here does not disclose any substantial change in the conditions of the parties. The mother testified that her second husband earns $5000.00 annually. The child has been maintained for over three years in New York City without support payments from the father. Under the circumstances the lower court was justified in not modifying the order to provide for the support of the child while it was in the mother's custody. In a case of this nature, we do not interfere with the determination of the court below unless there is a clear abuse of discretion: *Commonwealth ex rel. Groff v. Groff,* 173 Pa. Superior Ct. 535, 98 A. 2d 449; *Commonwealth v. Greene,* 173 Pa. Superior Ct. 315, 98 A. 2d 202.

With regard to the question of custody, the burden is on the appellant to establish that the order of the lower court is erroneous or based on a mistake of law: *Commonwealth ex rel. Shaak v. Shaak,* 171 Pa. Superior Ct. 122, 90 A. 2d 270. Normally both parents should see their children and estrangement of parent and child should be avoided whenever possible: *Leonard v. Leonard,* 173 Pa. Superior Ct. 424, 98 A. 2d 638. Where the distance between the residences of the respective parties is great, the ordinary provisions for the right of visitation may not be satisfactory and an order granting limited custody will be approved. See *Commonwealth ex rel. Moore v. Moore,* 172 Pa. Superior Ct. 255, 94 A. 2d 93; *Commonwealth ex rel. Balla v. Wreski,* supra; *Commonwealth ex rel. Fortunes v. Manos,* 140 Pa. Superior Ct. 352, 13 A. 2d 886.

The mother introduced interrogatories answered by a New York physician to the effect that Sharon Eileen was ill after her vacations in Pittsburgh, particularly in the summer of 1952. On the other hand, a Pittsburgh physician testified in open court that the child's

illnesses were not unusual and were properly treated. A dentist testified as to the dental care given the child. The uncontradicted testimony of the father was that he had a proper home for Sharon Eileen with his mother and sister. Furthermore it was shown that appellee's difficulty with his second wife and his father's last illness both occurred in the summer of 1952. These conditions have now been eliminated. There is ample evidence in the record to show that the father has been a particularly devoted parent.

An infant is the ward of the State and at any time during minority the court will make such disposition of the child as the circumstances of the case demand: *Commonwealth ex rel. Children's Aid Society v. Gard et ux.*, 362 Pa. 85, 66 A. 2d 300. It requires the clearest kind of evidence to justify the termination of the right of either parent to custody or visitation: *Leonard v. Leonard*, supra; *Commonwealth ex rel. Manning v. Manning*, 89 Pa. Superior Ct. 301; *Commonwealth ex rel. Bachman v. Bradley*, 171 Pa. Superior Ct. 587, 91 A. 2d 379. On an appeal in a custody case, we must consider the testimony and make such an order upon the merits as to right and justice shall belong: Act of 1917, P. L. 817, 12 P.S. §1874. However, weight is to be given to the fact that the parties are likely to be known to the lower court, and that it has had a better opportunity to pass upon their ability and character than we have: *Commonwealth ex rel. Schofield v. Schofield*, 173 Pa. Superior Ct. 631, 98 A. 2d 437; *Commonwealth ex rel. Knouse v. Knouse*, 146 Pa. Superior Ct. 396, 22 A. 2d 618.

So far as the educational fund is concerned, it is being supervised temporarily by appellee's counsel. The court below was satisfied with this arrangement and we see no reason to disturb it. In his opinion President Judge LENCHER very properly stated: "As must

invariably prevail in cases of this kind, the order we make will be prospective, concerned with Sharon's best interests in the future, as well as in the immediate present; we will keep the case open for developments . . . We will direct our probation office to give the case continued watch and study". We find no reason to interfere with his disposition of the controversy.

Order affirmed.