Commonwealth ex rel. Bortz, Appellant, *v.*
Norris.

Argued October 7, 1957. Before RHODES, P. J., HIRT,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS,
JJ.

*James W. Evans,* for appellant.

*Allen H. Krause,* for appellee.

OPINION BY WRIGHT, J., November 12, 1957:

Theodore and Evelyn Norris were married in March, 1946, and divorced in September, 1952. Evelyn's subsequent second marriage also terminated in a divorce. Theodore did not remarry. The parties had two children, a boy, Evlin, born December 12, 1946, and a girl Dorea, born April 10, 1948. On August 13, 1952, the court of quarter sessions of Lebanon County made an order against Theodore in the amount of $12.00 per week for the support of the two children, who were then, and have since remained, in Evelyn's custody. This order was, on April 1, 1954, increased to $17.50 per week. On August 17, 1955, Theodore and Evelyn executed a written agreement set forth in the footnote,[1] which provided for a lump sum payment by Theodore in full settlement of the support charges, and for the withdrawal of the court order. The consideration men-

---

[1] "Received from Theodore H. Norris, this date, $800.00 in cash. This, in addition to $90.00 (to be paid in cash by end of year 1955) will pay in full and final payment any support charges against above named for support of two children in my care, visiting privileges still in effect, hereafter. Names of children—Evlin Norris and Dorea Norris. This is my own decision under no duress. Court order shall be withdrawn effective this date. I hereby swear I will not take any further court action to receive support from above named Theodore H. Norris. Entered into this agreement, this date, August 17, 1955".

tioned in said agreement was paid by Theodore and accepted by Evelyn. On November 26, 1956, upon Evelyn's petition for an attachment, Theodore was summoned to appear on December 6, 1956, "to show cause why the order for support has not been complied with". Following the taking of testimony, the court below ordered Theodore to continue payments at the rate of $17.50 per week from December 6, 1956, but refused to hold him liable for any arrearages prior to that date. Evelyn has appealed.[2]

Appellant's present counsel contends (1) that "an agreement between parents purporting to release the father from all liability for future support of their minor children" is invalid; and (2) that the lower court abused its discretion "by disallowing accumulated arrearages under the existing court order".

In *Commonwealth ex rel. Heller v. Yellin,* 174 Pa. Superior Ct. 292, 101 A. 2d 452, we refused to disturb the lower court's approval of an agreement by a mother wherein she assumed full liability for the maintenance of a child while it was in her custody. Although the factual situation differs somewhat, our statement in the *Yellin* opinion of the controlling legal principles is equally applicable to the case at bar, as follows:

"The primary duty of support rests upon the father of a child, and his obligation is not abrogated by divorce: Commonwealth ex rel. Yeats v. Yeats, 168 Pa. Superior Ct. 550, 79 A. 2d 793. Contracts between husband and wife, if fairly made, are generally considered binding as to them, although legally ineffective to oust the jurisdiction of the court in a support action: Commonwealth ex rel. Rossi v. Rossi, 161 Pa. Superior Ct. 86, 53 A. 2d 887. A mother cannot, by contract, bar-

---

[2] The lower court also adjudged Theodore not guilty of contempt. Evelyn has not appealed from that ruling.

gain away the right of her minor child to adequate support from the father, regardless of the validity of the agreement as between the parents themselves: Commonwealth v. Beavin, 168 Pa. Superior Ct. 73, 76 A. 2d 653. In each case it is for the court to determine whether or not the terms of the agreement are reasonable, made without fraud or coercion, and have been carried out in good faith: Commonwealth ex rel. Rey v. Rey, 159 Pa. Superior Ct. 284, 48 A. 2d 131".

Appellee does not contend that the agreement of August 17, 1955, abrogated his duty of support from the date appellant sought to enforce the court order. His contention is that appellant's acceptance of the lump sum payment under the agreement was an interim waiver of her right to enforce the obligation. In his well-considered opinion, Judge EHRGOOD took the position that the agreement "was entered into by the parties without fraud or coercion and at the suggestion of the petitioner, and constituted a valid contract between the mother petitioner and husband respondent which should be enforced by the court, inasmuch as we find and determine that the terms were reasonable, made without fraud or collusion, and have been carried out in good faith by both parties, until petitioner presented her petition for the support of said two minor children on or about December 6, 1956, and that the petitioner has waived her right to said support payments".

It should be noted that the court below gave effect to the agreement only insofar as the question of arrearage was concerned. The remission of arrearages "as the case may warrant" is expressly authorized by the Act of 1939, P. L. 440,[3] 17 P.S. 263. Under that

---

[3] "Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said

598

statute "the court making a support order now is in complete control and may not only increase or reduce the amount payable, but it may deal effectively with arrearages": *Commonwealth ex rel. Chrstos v. Chrstos,* 156 Pa. Superior Ct. 238, 40 A. 2d 165. In *Commonwealth ex rel. Walker v. Walker,* 164 Pa. Superior Ct. 582, 67 A. 2d 667, we held that the court below had not abused its discretion in refusing to permit the entry of judgment for arrearages on a support order. Similarly, we find no abuse of discretion in the case at bar.

The order of the lower court is affirmed.

court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant".