## Commonwealth ex rel. Holzbaur, Appellant, *v.* Holzbaur.

Argued October 1, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Barnie F. Winkleman,* with him *George D. Parrish,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WOODSIDE, J., January 21, 1958:

The appellant was receiving $15 per week from her husband under an order of support entered in New Jersey, when she petitioned the Municipal Court of Philadelphia for an order of support.

The testimony at the hearing established that her husband resided in Philadelphia, and that since the date of the New Jersey order she had suffered illness and unemployment.

The court below dismissed the petition on the ground that to enter an order of support on top of the one already in being in New Jersey, which is being obeyed, "would place an unfair, excessive and undue burden on this defendant." The court below, in its opinion went further and indicated that it not only should not, but that it could not, enter an order while the defendant was complying with an order made against him in New Jersey.

The appellant submits to us this question: "Where a wife, citizen of New Jersey, has obtained a support order in New Jersey, against her husband, a citizen of Pennsylvania, following service of process upon him in New Jersey, can a Petition for additional Support, based upon a change of circumstances, be brought in Pennsylvania?"

As we understand the proceeding in the court below it was not brought under the Uniform Enforce-

ment of Support Law of May 10, 1951, P. L. 279 as amended by the Act of August 19, P. L. 1201, 62 PS §2043.1 et seq. but either under section 733 of the Act of June 24, 1939, as amended, 18 PS §4733, or under The Pennsylvania Civil Procedural Support Law of July 13, 1953, P. L. 431, 62 PS §2043.31. It is not important to this determination under which of the latter two acts this action was brought.

We think the court below properly disposed of the wife's petition and set forth proper and sufficient grounds for its action in the opinion of Judge BELOFF from which we quote the following: "Assuming even sufficient credible evidence to establish 'change of circumstances,' this court, of course, has no power to change or modify a decree of a court of record of a sister state. We also question the propriety—if, indeed, we have the power so to do—of entering an order de novo in this court against this defendant under the circumstances of this case. It is true that the physical presence of the husband within the limits of the Commonwealth is the only jurisdictional requirement under section 733 of the Act of 1939, P. L. 872; 18 P.S. 4733 (Commonwealth v. Bucciarelli, 162 Pa. Super. Court 582). However, it has been aptly said that 'where two tribunals have concurrent jurisdiction over any subject matter, the court in which the proceedings are first commenced has priority and no other court may limit the power of the first tribunal to dispose of the case:' Commonwealth v. Moon, 174 Pa. Super. Ct. 334 (1953).

"This principle of law is certainly well-established as between the court of one county and another in the Commonwealth. If a wife has chosen one county 'as the tribunal before which to prosecute her action for support, and an order having been made there, its jurisdiction is exclusive: Commonwealth v. Jamison, 149

Pa. Super. Ct. 504. Were this not the law, action could be brought in any one of several counties, and a conflict in the size of the order and the method of enforcement become a matter of serious controversy:' Commonwealth v. Medlinsky, 66 D. & C. 629, 634 (1949). A new proceeding may not be had in another county, on the same facts which were considered by the court at the time of the first decision. See Commonwealth v. Speer, 267 Pa. 129, 135; . . . .

"Does the same reasoning hold true in the case of one sister state and another? Orders in non-support cases have never been regarded as final, inasmuch as they may be increased, reduced, or vacated where the circumstances of the parties change, or where other proper reasons may be shown. See Act of June 19, 1939, P. L. 440; 17 P.S. 263; Commonwealth v. Milne, 149 Pa. Super. Ct. 100. 'A judgment of a sister state to be entitled to recognition and enforcement must be a final judgment, not one which is interlocutory or subject to modification by the court which rendered it.' Lynde v. Lynde, 181 U. S. 183; Israel v. Israel, 148 Fed. 576; Commonwealth v. Bucciarelli, 162 Pa. Super. Ct. 582.

"Can it, therefore, be said that the circumstances in the case at bar give us the right or the power to enter a new order of support on top of the one already and presently existing? Were we to enter such an order in this court against this defendant, the new order in and of itself would not stop the running of the order presently in force in New Jersey. What then would be the effect of such an order here? Could we simply notify the New Jersey Court that we have taken jurisdiction of this case away from them? Could not the court in New Jersey ignore our order and insist upon its obedience, even as we would by our order in effect ignore the New Jersey mandate? Which of the

two orders would this defendant be called upon to obey? Certainly not both at one and the same time. Yet, failure to comply with either order would subject the defendant to whatever enforcement process or penalties are provided under the laws of the state wherein the failure to comply occurred.

"As we have stated before, this proceeding was not instituted under the provisions of the Uniform Enforcement of Support Law, supra. To enter an order here de novo on top of the one admittedly already in being in New Jersey, and which order (we find as a fact) has been and is being obeyed, would place an unfair, excessive and undue burden on this defendant."

Order affirmed.