Commonwealth *v.* Cameron, Appellant.

Argued December 15, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Leonard Barkan,* with him *Alan D. Williams, Jr.,* for appellant.

*Sanford S. Finder,* for appellee.

OPINION BY FLOOD, J., March 21, 1962:

Despite the caption of this appeal, this action was brought, not by the Commonwealth, but by Margaret S. Yeager, on behalf of Suzanne Cameron, her minor daughter, against her former husband, the father of Suzanne Cameron.

The complaint avers that the parties were married in 1943, that Suzanne was born in 1945, that the parties were divorced and the defendant, after June 1949, failed to supply fair and reasonable support for the daughter in accordance with his means, and that he has a substantial income.

At the hearing it was stipulated that since the divorce in 1947, Suzanne has been in her mother's custody. The mother, shortly after her divorce, married John Yeager, and has lived with him since. Suzanne lived with them from their marriage until, after this action was commenced, she was taken into custody by the Juvenile Court of Bucks County as an incorrigible and placed in Tekakwitha Hills School.

The child was never adopted by Mr. Yeager, but under date of April 19, 1950, he and his wife, the complainant, executed a written release in favor of the de-

fendant for all future liability for the support, education, maintenance and welfare of the child. The consideration was stated to be $225 paid by the defendant to Mr. and Mrs. Yeager. The release recited, inter alia, that Suzanne was living with the Yeagers in the relationship of parents and child, and that it was the desire of John Yeager to assume the duties of parent and father to her.

The court below held that since John Yeager had put himself in loco parentis to Suzanne and released the defendant from all obligation for her support, he became solely and fully liable for her support and consequently refused to make any order of support against the defendant.

The appeal is based upon the proposition that such a release is ineffective to terminate the duty of a father to support his child.

It is true that neither the mother nor anyone else can bargain away the right of a minor child to adequate support from her father. *Mallinger v. Mallinger,* 197 Pa. Superior Ct. 34, 175 A. 2d 890 (1961). However, where an agreement is made under which one parent agrees to release the other from the duty of support, the bargain will be enforced so long as it is fair and reasonable, made without fraud or coercion, and without prejudice to the welfare of the child. Thus, such an agreement was held effective to warrant the refusal of an order for arrears of support in *Commonwealth ex rel. Bortz v. Norris,* 184 Pa. Superior Ct. 594, 135 A. 2d 771 (1957). And in *Commonwealth ex rel. Heller v. Yellin,* 174 Pa. Superior Ct. 292, 101 A. 2d 452 (1953), we held that the court properly refused to make an order of support against the father when there was in existence an order, based upon a stipulation of the parties, abrogating an earlier order for support and providing that the father should accumulate an educational fund for the child. The mother's second hus-

band acquiesced in the arrangement and was present in court when the order based upon the stipulation was made. Judge WRIGHT, in his opinion, noted that "[i]t is significant that, in the mother's petition which culminated in the agreement and order, she averred that her second husband was 'willing and financially able to provide a good and suitable home for your petitioner and her daughter'".

The release executed by the Yeagers in favor of the defendant is binding between the parties to it, even though it cannot prejudice the rights of the child. Under it, the plaintiff and her husband impliedly undertook to support the child in relief of the defendant's obligation. The facts stated in the complaint and agreed to by stipulation clearly justify the lower court's holding that John Yeager had assumed a relationship in loco parentis to the child, and that that relationship continued at least to the date of the filing of the complaint: *D'Auria v. Liposky,* 197 Pa. Superior Ct. 271, 177 A. 2d 133 (1962). "[T]he rights and liabilities arising out of that relation are, as the words imply, exactly the same as between parent and child": *Young v. Hipple,* 273 Pa. 439, 117 A. 185 (1922); *Beck v. Freed,* 3 Pa. D. & C. 2d 105 (1955).

Both under their contract and by reason of their relationship, the plaintiff and her husband have the duty to support this child. Under the release, they have discharged the defendant from all liability for its support. There is no evidence to show that they are not supporting it or are not financially able to do so. There is no indication of any change of circumstances since the date of the release.

In *Commonwealth ex rel. Heller v. Yellin,* supra, we said: "The record here does not disclose any substantial change in the conditions of the parties. The mother testified that her second husband earns $5,000 annually. The child has been maintained for over

three years in New York City without support payments from the father. Under the circumstances the lower court was justified in not modifying the order to provide for the support of the child while it was in the mother's custody. In a case of this nature, we do not interfere with the determination of the court below unless there is a clear abuse of discretion . . ."

The complaint here seems clearly to have as its purpose the transfer of the duty of supporting the child from the shoulders of plaintiff and her husband, who have assumed it, to the defendant whom they have released. There is nothing to show that the Yeagers are not financially able to continue to support the child, or that it is not being supported, or that it would be equitable to shift the burden to the father, who has remarried and has four other children to take care of.

While we cannot agree with the court below that Mr. Yeager became solely liable for Suzanne's support when he executed the release and made her a member of his family, we conclude that he assumed this obligation to the extent of relieving the natural father from it until it is shown that Mr. and Mrs. Yeager cannot support her. That the natural father would also be liable for her support if Mr. or Mrs. Yeager became unable to support her does not affect the result here where it is not shown that such event has occurred.

Despite the erroneous caption of the appeal, this is a civil proceeding brought by the mother. The complaint states that it is brought under The Pennsylvania Civil Procedural Support Law of July 13, 1953, P. L. 431, 62 PS §2043.31 et seq. Section 5(b) of this act (62 PS 2043.35(b)), provides: "A complaint may be filed by any person, including a minor wife, to whom a duty of support is owing. It shall be filed on behalf of a minor child by a person having custody of the minor, without appointment as guardian ad litem. It may be filed by any public body or public or private

agency having any interest in the care, maintenance or assistance of any person to whom a duty of support is owing."

There is no evidence that either the Commonwealth or Bucks County, whose Juvenile Court now has taken custody of the child, has taken any part in these proceedings. Evidently Mr. Yeager has been living up to his obligation and is paying the support of the child at the institution where she now is. This is not a proceeding by the Commonwealth, through the District Attorney, on the relation of the mother. It is a civil proceeding by the mother herself.

In a case very similar to this, Judge McCreary held that the mother and her second husband had assumed a primary obligation for the support of the child, and unless and until the child becomes a burden on the State, their agreement to assume a position in loco parentis must stand. *Beck v. Freed,* 3 Pa. D. & C. 2d 105 (1955). We think this states the principle which properly governs the case before us, and in the absence of a showing that the cost of maintenance of the child has become a burden upon the public, no order may be properly made against the father.

Order affirmed.

———

Concurring Opinion by Montgomery, J.:

I concur in the disposition made of this appeal by the majority, but solely on the basis that there is no evidence that the child Suzanne is not being adequately supported. As far as the record discloses the release executed by the mother and her present husband is being respected by them and the child is being supported as a result thereof.

In *Commonwealth ex rel. Holzbaur v. Holzbaur,* 185 Pa. Superior Ct. 343, 138 A. 2d 268, this Court stated that it would be unfair for a Pennsylvania

court to enter an order de novo on top of one already entered in New Jersey. In my opinion, it would be equally unfair to impose an order on defendant to support his daughter when she is receiving adequate support under the arrangement made by him with the mother and her husband, as evidenced by the release for which he paid consideration.

Should the child be neglected and her mother and husband fail in their obligation undertaken in the release, then, someone, on behalf of the child, can apply to the father for the support he is legally bound to provide, at which time he, in turn, may have recourse to seek relief from the other parties to the release. Until such time, this proceeding is not justified and was properly dismissed.