**In re C. M. D., a minor child.**

Supreme Court of Delaware.

June 24, 1969.

Roy S. Shiels and A. Richard Barros of Brown, Shiels & Barros, Dover, for appellant.

Merrill C. Trader, Deputy Atty. Gen., Dover, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal by foster parents from an order of the Superior Court dismissing an appeal from the Family Court awarding custody of a minor child to the Department of Welfare for the purpose of placing the child for adoption with the Children's Bureau of Delaware.

The child was born April 10, 1966 to a mother, divorced on January 1, 1966, who, on April 13, 1966, voluntarily placed her with the State Department of Welfare for care and supervision pursuant to 31 Del.C., Ch. 3. On April 18, 1966 the Department entered into a written agreement with the appellant and his wife (now deceased) under which they agreed to act as foster parents for the child. As a part of the agreement, the foster parents received a stipulated monthly payment and agreed that the Department could remove the child from their home in its discretion, and that no action for adoption or guardianship of the child would be taken without the Department's consent.

On December 1, 1966 the mother of the child consented in writing to the placement of the child for adoption with the Chil-

dren's Bureau of Delaware. By so doing, she explicitly relinquished all right over the child and consented to the termination of her parental rights.

The foster parents became aware of this action by the mother. On January 16, 1967 the Department notified the foster parents that the child would be removed from the temporary home so as to be delivered to the Children's Bureau of Delaware for the purpose of adoption. The foster parents refused to deliver custody of the child. The Department then made demand for the custody of the child pursuant to 31 Del.C., § 354, on January 19, 1967. The cited statute provides, *inter alia,* as follows:

"(a) All agencies or organizations, engaged in the placement of dependent children within this State, may remove any child so placed when, in the judgment of such agency, the welfare and best interests of the child require such action, whether such right was received or not at the time the child was placed.

"(b) Whenever any person, with whom a dependent child has been placed, refuses to give up such child on the demand of the representative of such agency, the agency, through its duly recognized representative, may give written notice to such person to deliver the child to the nearest railroad station, or some other equally convenient place, at a day and hour to be fixed in the notice, not less than one or more than three days after the date of the notice."

On January 17, 1967 the foster parents filed a petition for custody of the child in the Family Court of Kent County. In February, 1967, the Family Court held it had no jurisdiction to determine custody and dismissed the petition. The foster parents then appealed to the Superior Court. On January 23, 1968 the Superior Court held that the Family Court had jurisdiction to determine custody of children by reason of 10 Del.C., § 1152(4) which provides that the Family Court has concurrent jurisdiction by way of *habeas corpus* to determine the right to custody of children, despite the provision of 31 Del.C., § 354, granting the Department absolute control over the custody of children placed by the Department in foster homes.

The Superior Court remanded the cause to the Family Court with instructions that it had concurrent jurisdiction over the cause subject to the views expressed in Turner v. Children's Home Society of Virginia, 158 Va. 406, 163 S.E. 399, 80 A.L.R. 1125. That case held that a statute permitting a state agency to enter into an agreement with foster parents for custody of a child, conditioned upon the right of the agency to demand the return of the child whenever the agency deemed that the child's best interests so demanded, was not unconstitutional.

Upon remand, the Family Court held a full hearing in the matter in the course of which evidence was taken as to what result the best interests of the child demanded. It was held that the Family Court did not have to consider the good care and attention the child had received in the home of the foster parents, and that the petition of the foster parents should be dismissed. Presumably, this decision was arrived at on the basis that the child, since December 1, 1966, had been in the care and custody of the Department when the mother signed away her parental rights.

From the second dismissal by the Family Court, the foster parents again appealed to the Superior Court, which again dismissed the appeal on the basis that 31 Del. C., § 354, in these circumstances, placed upon the Department exclusively the duty of deciding what the best interests of the child required, and that both the Family Court and the Superior Court were powerless to interfere, absent a showing of fraud or bad faith on the part of the Department.

Initially, we observe that the course of this litigation has resulted in a most unfortunate delay in the disposition of this child for its best interest. This matter has been

in litigation since January 17, 1967 to date. It has involved two appeals from the Family Court to the Superior Court. In the course of that litigious history, the child has matured from age 10 months to age 3 years 2 months, a circumstance which we suppose might make her ready adjustment to a new family environment more difficult. This circumstance points up the desirability of a prompt disposition by the courts of matters of this nature. The delay thus occasioned, however, may not influence the ultimate determination of the matter.

■ In the Family Court, at least, the standing of the foster parents to maintain a petition for custody of the child was attacked by the Department. Their standing to do so, however, is settled by In re One Minor Child, Del., 254 A.2d 443, which resulted in an award of custody of a minor child to foster parents against the claim of the child's natural parents. We so hold.

■ In addition, we hold that, without doubt, the Family Court has jurisdiction under 10 Del.C., § 1152(4) to entertain a petition for custody of this child despite the prior existence in our Code of 31 Del. C., § 354. In this respect, the first decision of the Superior Court is approved.

■ We disagree with the conclusion of the Superior Court that "absent a showing of fraud or bad faith on the part of the Department of Welfare, its judgment as to what is in the best interests of a child in a situation like this is final and binding upon this and all courts." Judicial review of the Department's action in a child custody case is well settled in this jurisdiction. The Superior Court cited no authority for changing our practice; and its attempted analogy with the reviewability of the action of the State Highway Department in a condemnation case cannot be supported. We hold the Superior Court erred in this facet of the case.

In order to expedite the disposition of the case, we have proceeded to make the judicial review of the action of the Department which, in our opinion, should have been made below.

In all matters of this kind, the ultimate inquiry and decision by the courts is to be based on what is now the best interest of the child concerned. Nelson v. Murray, Del., 211 A.2d 842. It appears, however, that this issue has never been decided in either the Family Court or the Superior Court. It must now be determined by the trier of fact.

Accordingly, we will cause a mandate to issue directing the Superior Court to vacate its order of dismissal of the appeal from the Family Court, and to enter an order remanding the cause to the Family Court with directions to hear and determine the issue of the best interest of the child, and for such other proceedings as may be consistent herewith.