Thomas A. CONEYS, Defendant Below,
Appellant,

v.

Janice D. CONEYS, individually and as next
friend of Thomas Allen Coneys, Steven
John Coneys, and William Leamon Coneys,
minors, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

July 23, 1969.

Daniel B. Ferry, Karl J. Parrish, Wilmington, for defendant below, appellant.

C. Waggaman Berl, Jr., of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for plaintiffs below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

The appellant, Thomas A. Coneys, was formerly the husband of Janice D. Coneys, the appellee. They are divorced. To obtain an order of support, Mrs. Coneys brought this action in the Court of Chancery on behalf of their three sons, ten, nine and five years of age. The Chancellor entered an order directing the father to pay the sum of Four Hundred Fifty Dollars ($450.00) per month for the support of the children. Mr. Coneys has filed this appeal, contending that the Chancellor abused his discretion in setting the amount thereof, which he contends is more than is needed for the children's support, and is more than he is able to pay.

The parties do not disagree as to the applicable principles of law. They agree that the father is duty-bound to provide for the "essential needs" of his minor children, within his ability to pay, 13 Del. C. § 702; that "essential needs" and "ability to pay" depend upon the facts of each case; that a parent cannot bargain away the right of a child to support; and that a prior support agreement between the parents does not preclude the Court from allowing a greater amount. Our function is accordingly to review the evidence and determine whether the findings and deductions of the Chancellor are clearly wrong. Lank v. Steiner, Del., 224 A.2d 242.

The evidence presented before the Chancellor was almost entirely oral. After carefully reviewing it, we are of the opinion that there was substantial evidence amply supporting the findings and conclusions made by him. His holding that the allowance made is "minimal" for the needs of the children obviously means that it is required to meet their "essential needs." We find no reversible error.

The order entered below will be affirmed.