WOLCOTT, Chief Justice.
This is an appeal from a judgment of the Court of Chancery ordering the appellant to pay periodic sums to his former *39 wife for the support and maintenance of four children. It is asserted that it was error for the Court of Chancery to have refused to enforce specifically a separation agreement providing for support and maintenance of the children in a lesser sum than has been awarded.
The parties to this appeal are former husband and wife. In 1961 they entered into a separation agreement by which they agreed on provisions governing the separation and for the maintenance of the four children born of the marriage. The agreement called for the transfer, to the wife of the former marital domicile. The husband agreed to pay a stipulated monthly mortgage payment of $129.50. He also agreed to pay $250 a month for the support and maintenance of the four children.
Following the entry into the agreement, the parties were divorced and the former husband, appellant here, has remarried. As a result of the appellant’s remarriage, he now has the burden of supporting four children of his second wife by a former marriage. The natural father provides no support for them.
In 1967 the appellee sold the former marital domicile and moved to Florida. At that time, the appellant discontinued the monthly payments for the amortization of the mortgage. The Vice Chancellor ruled that the former wife, after selling the house, was not entitled to a continuance of the mortgage payments. He rejected the appellee’s contention that she is entitled to this amount for application to rent at any location of her choice. We agree with the Vice Chancellor and affirm this ruling.
The appellee came back to Wilmington and rented a two-bedroom apartment, the only one available to her at the time. This meant it was impossible for her to keep all four of her children under the same roof, and two of them lived with their grandparents. When the appellant discovered this, he deducted $100 of the $250 monthly payments called for by the separation agreement from the amount paid his former wife, and sent that sum to the grandparents at whose home two of his children were living. The former wife seeks to have the entire sum for the maintenance of the four children payable to her.
The Vice Chancellor held that the agreed-upon sum of $250 per month under the separation agreement, being less than $70 per child, is too low an amount today to support growing children. At the time the separation agreement was entered into, the appellant was earning $7500 per annum. His gross salary is now $13,000 per annum and, in addition, he receives $500 to $1000 from profit-sharing and an unknown amount from accounting work he does outside of his job. The appellee is employed and earns $8200 per annum.
The main thrust of this appeal is that it was error, or at least an abuse of discretion, for the Vice Chancellor to disregard an admittedly valid separation and property settlement agreement in fixing the amount of support for minor children. We think, however, that parents may not, by agreement between themselves, bargain away or adversely affect the right of a minor child to look to his father for support and maintenance. Parents are not precluded from contracting with respect to the support of their children, but they may not, by agreement, prevent in futuro the re-examination by a court of the adequacy of the support for minor children agreed upon by the parents. It is only when the parents’ contract is consistent with the welfare and best interests of the child that the agreement for support may be given controlling effect. 39 Am.Jur., Parent and Child § 42, page 653. This court has repeatedly held that when questions concerning the custody and support of a minor child are involved, the overriding consideration to be given effect is what will best promote the best interests of the child. In re Adoption of A., 226 A.2d 823 (Del. 1967); In re C.M.D., 256 A.2d 266 (Del.1969); In re Two Minor Children, 3 Storey 565, 173 A.2d 876 (Del.1961).
*40 The appellant does not contest this principle, but says that the Vice Chancellor in the case now on appeal ignored the separation agreement. We think a court may not ignore an agreement for the support of children, but must give it some weight. However, in our opinion, the Vice Chancellor did not ignore the agreement between these parties. He may not approach the issue of child support de novo when an agreement is in existence, but should review the situation as it exists today in the light of the separation agreement. This, we think the Vice Chancellor did. We think, also, that there is sufficient evidence in the record before us to support his conclusion that the amount agreed upon in 1961 for the support of the children is currently inadequate. We further find no abuse of discretion in fixing the amount for support at the figure he did. The lapse of time and the increased economic standard of the former husband justify a full review of the treatment to be accorded the minor children. The appellant complains that he now has a burden he did not then have, viz., the support of his four stepchildren. However, we think this cannot justify a reduction in the amount he is obligated to pay for the support of his own children. His prime obligation is to them and not to his stepchildren.
The case is controlled substantially by Coneys v. Coneys, 269 A.2d 777 (Del. 1969) in which we said:
“The parties do not disagree as to the applicable principles of law. They agree that the father is duty-bound to provide for the ‘essential needs’ of his minor children, within his ability to pay, 13 Del.C. § 702; that ‘essential needs’ and ‘ability to pay’ depend upon the facts of each case; that a parent cannot bargain away the right of a child to support; and that a prior support agreement between the parents does not preclude the Court from allowing a greater amount.”
We accordingly affirm the Vice Chancellor’s holding as to the amount of payment to be made by the appellant for the support and maintenance of his own children.
A second minor point urged by the appellant is that it was an abuse of discretion for the Vice Chancellor to order the support payments to be made entirely to the former wife when only two of the children were living with her and the other two with their grandmother. We think, however, that this action could not possibly justify a reversal of the judgment below. We say this for the reason that the Court of Chancery will retain control of this matter and if the amounts paid for the support of the minor children are in fact going astray and not being used for their support, the court can control the manner of disbursement and accounting.
Appellant relies solely on Common-weath v. Cameron, 197 Pa.Super. 403, 179 A.2d 270. We think, however, that the case does not aid his appeal in this court. In the Cameron case there was a written agreement between a mother and her second husband with her divorced first husband for the support of a minor child. In that agreement the father of the minor child was released from all future liability for support of the child. It was held that while the agreement was binding between the parties to it, they could not bargain away the rights of the minor child. The agreement was enforced for the benefit of the first husband but a caveat appears in the reported decision that if there was a showing of inadequate support by the stepfather and the child’s mother, then the natural father of the child could be made to discharge his legal obligation to support the child.
We think the case is not pertinent to the one before us.
The judgment below is affirmed.