## Commonwealth ex rel. Gohm v. Reeps

*Franklin J. Seyfert,* for petitioner.
*Paul D. Nelson,* for respondent.

BLOOM, J., July 10, 1973.—The matter presently before this court arises from a petition for support filed by relatrix, Gladys B. Gohm, on behalf of her 11-year-old son, Charles F. Reeps, Jr. The petition seeks support from the child's father, Charles F. Reeps, said child having been born to the parties during their marriage.

Defendant contends that he is not liable for the support of his son by virtue of a property settlement agreement made by the parties on July 11, 1969. By the terms of the said agreement, defendant conveyed his interest in a house jointly owned by the parties to relatrix. Relatrix agreed that after a final decree was entered divorcing the parties, defendant's obligation to support the relatrix and the child was to terminate. A final decree in divorce was entered and defendant now seeks to avoid support of the child by the terms of the said agreement.

As a general rule of law, parents cannot contract or bargain away the rights of their minor children to adequate support regardless of the validity of the agreement as between the parents themselves: Commonwealth ex rel. Byrne v. Byrne, 212 Pa. Superior Ct. 566, 243 A. 2d 196 (1968); Mallinger v. Mallinger, 197 Pa. Superior Ct. 34, 175 A. 2d 890 (1961); Commonwealth v. Bishop, 185 Pa. Superior Ct. 362, 137 A. 2d 822 (1958). However, an agreement by which one parent releases the other from the duty of support will be enforced provided the agreement is fair and reasonable, made without fraud and coercion, and is without prejudice to the welfare of the child. See Commonwealth v. Cameron, 197 Pa. Superior Ct. 403, 179 A. 2d 270 (1962).

In the case before us, no effective avenue is left to the child to seek support. No mention is made that the equity in the parties' house was to be in prepayment of

the child's support. In cases where a separation agreement releasing a parent's duty to support a child have been enforced, a specific and reasonable amount of support was provided for the child: Commonwealth ex rel. Heller v. Yellin, 174 Pa. Superior Ct. 292, 101 A. 2d 452 (1953); or, another party of means agreed to take the place of a natural parent as to the support of a child. See Commonwealth v. Cameron, supra. Such is not the case before us. No provision is made for the child and this court can only speculate as to the motives of the parties in transferring the ownership of the house.

Therefore, we enter the following

## ORDER

And now, to wit, July 10, 1973, it is hereby ordered and decreed that defendant pay the sum of $20 per week for the support of his son, Charles F. Reeps, Jr., together with all reasonable medical, drug and dental bills incurred on behalf of said Charles F. Reeps, Jr.