HUSBAND, G. V. C., Defendant, Appellant,

v.

WIFE, A. B. C., Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted Nov. 15, 1979.

Decided Dec. 13, 1979.

Blaine T. Phillips, James F. Burnett, and Donald J. Wolfe, Jr., of Potter, Anderson & Corroon, Wilmington, for defendant-appellant.

Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY, J. and BUSH, Superior Court Judge.

## PER CURIAM:

This appeal from the Family Court involves the construction of a separation agreement which requires among other things, that the husband provide support for two children of the parties.

The agreement provides for a division of property between the spouses and for discharge of all legal obligations arising out of the marital relationship. Under the agreement, the wife received custody of the two children and she is obligated to provide them with a "suitable home and adequate shelter and everything else reasonably needed by them . . ." The husband is obligated to "pay over or apply for [the children's] benefit the sum of $20,000 annually for each child, in equal monthly installments . . . until each child respec-

tively attains the age of twenty-one (21) years".

The present controversy arises over the method by which the husband has made the support payments required by the agreement. He has: established a separate bank account for each child; deposited therein the required amounts in lieu of paying them directly to the wife; retained control over each account; required the wife to submit to his accounting office bills attributable to support of the children; and paid the bills, from the respective bank accounts, after he has approved them. The husband thus has effective control over the manner in which the support funds are expended.

The wife argues that this method of "payment" violates the terms of the separation agreement, which makes her the custodial parent responsible for providing for the children's needs. She says that, under the procedure established unilaterally by the husband, he can indirectly substitute his judgment for hers with regard to basic care of the children, which is inconsistent with her right and duty as the custodial parent.

In a carefully considered opinion, the Family Court determined that "all payments obligated to be made by Defendant [husband] under . . . the Separation Agreement, shall be made directly to Plaintiff, [wife], as the custodial parent." We agree with that conclusion, which is consistent with *G. W. F. v. G. P. F.*, Del.Supr., 271 A.2d 38 (1970), and with the construction of the agreement on which it is based. For the reasons stated in the Trial Judge's opinion, that part of the judgment governing support payments will be affirmed. This ruling is made without prejudice to the husband's right to require the wife to account for the support payments under Family Court rules or procedures (if any are available to him) and/or under statutory procedures in the Court of Chancery. Cf. 12 *Del.C.* Chap. 31.

Attorney fees were allowed to the wife by the Trial Court. The wife's timely application for such fees was not opposed in the Family Court. We decline to consider the husband's contentions which were raised for

the first time on appeal. See Supreme Court Rule 8.

\* \* \*

Affirmed.