## Hannah v. Eller

*Robert B. McCullough,* for plaintiff.
*James Toohey,* for defendant.
*Michael JanJanin,* for defendant.

JIULIANTE, *J.,* December 4, 1984—This matter comes before the court on plaintiff Karen L. Hannah's complaint for child support against her former husband, defendant, Lloyd H. Eller. In response to plaintiff's suit, defendant filed an action in assumpsit based upon an agreement entered into between the parties concerning the obligation of child support.

The parties were married July 2, 1965 and divorced on February 25, 1980. During the marriage

of the parties four children were born, all of whom have remained in the custody of plaintiff, Karen L. Hannah. After the couple's separation, a support order was entered against Lloyd Eller requiring him to pay $300 per month for the support of his four minor children. This order was in effect until April 2, 1981.

As a result of a property settlement between the parties, title to a parcel of real property known as 3506 West 32nd Street, Erie, Pa. was vested in Lloyd Eller. At some time thereafter, plaintiff and her present husband, Daniel Hannah, and the four children moved into the home located at 3506 West 32nd Street. Under a lease agreement Karen Hannah was to pay Lloyd Eller $300 per month rent for the use of the home. Since this was the same amount which Eller was to pay Hannah for child support, apparently no actual exchange of cash occurred.

On April 1, 1981, the parties entered into an agreement whereby Hannah would purchase the property from Eller. The terms of the agreement which led to this controversy are as follows:

"2. [Karen L.] Hanna agrees to immediately commence paying on the two (2) First Federal Mortgages which are presently liens against the said property and the balance due on the Internal Revenue Service Judgment which is presently against the said property and will continue to make payments thereon and, upon the payment in full of these amounts, has the right to demand the conveyance of this property without further payment.

3. Hannah agrees and understands that the full amount due and owing on these liens must be paid within five (5) years so that the title to this property can be transferred to her and all the liens against the property discharged.

4. Hannah specifically agrees to notify the Erie County Support Office of the Termination Agreement and will execute any and all documents necessary to immediately effect said termination of Eller's support order. If, for any reason, Eller should be required to pay support, Hannah agrees that she will indemnify and reimburse Eller for said support payments."

Pursuant to the agreement of April 2, 1981, an agreement for termination of the support payments have been made by Eller since that time. Mrs. Hannah also fulfilled her obligations concerning the liens on the property, thus, Eller gave a quit claim deed to Karen and Daniel Hannah dated October 5, 1983.

In response to the present complaint for support, the defendant raises the question of entitlement based upon the April 1, 1981 agreement. Defendant contends that under the agreement plaintiff is not entitled to child support or alternatively, if he is required to make child support payments, under the agreement plaintiff must indemnify and reimburse him for such payment. We shall only consider whether the April, 1981 agreement acts as a bar to plaintiff's claim for child support.

Defendant cites Com. v. Cameron, 197 Pa. Super. 403, 179 A.2d 270 (1962), as support for the enforceability of the agreement. Cameron involved a release from support in favor of the natural father executed by the mother and her second husband. The release was held enforceable because plaintiff and her husband were found to have impliedly undertaken the obligations of the natural father. In the present case, it is important to note that only Karen Hannah was party to the agreement and not her second husband. This alone sufficiently distin-

guishes the present case from the Cameron case, making it of little precedential value.

In considering the enforceability of the agreement between Hannah and Eller, we start with the fundamental rule that neither the mother nor anyone else can bargain away the right of the minor child to adequate child support from his or her natural father. Mallinger v. Mallinger, 197 Pa. Super. 34, 175 A.2d 890 (1961). While this has long been the rule regarding child support, there have been several occasions in which agreements involving child support have been enforced. Separation agreements which had not been incorporated into an order of the court and provide for fixed sums to be paid for child support, have to a limited extent been held enforceable. Millstein v. Millstein, 311 Pa. Super. 495, 457 A.2d 1291 (1983). As seen in the Cameron case, a parent may wish to release the other from his or her child support obligation when another party is willing and able to assume the obligation. These various agreements are only enforced so long as they are fair and reasonable, made without fraud or coercion, and do not prejudice the welfare of the child. The agreement involved in the present dispute differs from any of the types discussed above. What we are faced with here is a mother's attempt to use a father's child support obligation as partial consideration in a contract for the conveyance of a parcel of real estate. In exchange for receiving a quit claim deed to the property, Mrs. Hannah assumed liability on various liens, and permanently deprived her children from any further support from their natural father. This is in no way analogous to an agreement involving the distribution of marital property or one which relieves the natural father of the support obligation and substituting another party in his place. In light of this, the agreement be-

tween Karen L. Hannah and Lloyd Eller cannot be reconciled with the fundamental rule prohibiting a parent from bargaining away his or her child's right to adequate support. Thus, we are compelled to find that the April 1, 1981 agreement between Hannah and Eller has no effect on the defendant Lloyd Eller's obligation to provide adequate support for his children.

Regarding the issues raised by defendant concerning the indemnity clause of the agreement and the possible unjust enrichment of plaintiff, it is the determination of this court that such issues would be better dealt with in defendant's pending assumpsit action. This would afford counsel the opportunity to present more detailed evidence concerning these issues and enable the court to thoroughly examine the circumstances surrounding the agreement.

## ORDER

And now, December 4, 1984 it is hereby ordered, adjudged and decreed that plaintiff Karen L. Hannah is entitled to support for her four minor children from defendant, Lloyd M. Eller. This matter is referred to the support counseling office for a determination of defendant's obligation.