## Adams County Probation Office v. Leppo

*Letty A. Kress, assistant district attorney,* for plaintiff.

*Ellen M. Averett,* for defendant.

KUHN, *J.,* November 13, 1987—This support action was instituted by the Adams County Probation Office, on behalf of Jeffrey Allen Leppo, against defendant, as his natural mother. No order was recommended by the domestic relations conference officer because of the complex nature of the case.

On August 19, 1987, the parties appeared before the undersigned and, from testimony or stipulation, the following facts were established. When Jeffrey was five years old, defendant transferred physical custody to her brother and sister-in-law, Harry and Joy Leppo, defendants at DR-99-87 (hereinafter Leppos). Defendant paid support to the Leppos in the amount of $35 per week. Later, by order of court dated April 12, 1977, docketed at OC-53-77, the Leppos were named Jeffrey's guardian and defendant's support stopped. Since that time and because of insistence by the Leppos, defendant has not exercised any of her parental rights or obligations. Neither has she taken the child as a dependent for income tax purposes.

Since 1977 the Leppos have provided all the maintenance and support for Jeffrey and have carried him as a dependent for insurance purposes. The Leppos instructed Jeffrey to refer to them as "mom" and "dad" and to address defendant by her first name.

Jeffrey was adjudicated a delinquent on July 29, 1986. His probationary status was revoked on March 2, 1987, and he has been in placement ever since that date.

Defendant moved to dismiss the action against her by asserting that the Leppos are in loco parentis and therefore responsible for the support and main-

tenance of the child. The matter was set for argument court and is now ready for disposition.

Defendant does not seriously contend that as Jeffrey's natural mother she has an obligation to support him. She argues, however, the Leppos assumed all parental obligations for the maintenance of the child. Pennsylvania does not recognize the concept of in loco parentis in support cases.

"The phrase 'in loco parentis' refers to a person who puts himself in the situation of a lawful parent by assuming the obligations incident to the formality of a legal adoption. The status of 'in loco parentis' embodies two ideas; first the assumption of a parental status, and second the discharge of parental duties." *Commonwealth ex rel. Morgan v. Smith,* 429 Pa. 561, 565, 241 A.2d 531, 533 (1968).

The record in this case[1] certainly leads one to the conclusion that the Leppos have assumed in loco parentis status. We reach this conclusion even though the order of April 12, 1977, designated the Leppos as Jeffrey's guardians. In *D'Auria v. Liposky,* 197 Pa. Super. 271, 177 A.2d 133 (1962), the court held that a foster child-foster parent relationship can be in loco parentis particularly where the foster parent has assumed or incurred substantial financial obligations in raising the child. We believe the same principle applies to a guardian.

Unfortunately for defendant our first conclusion does not end the inquiry. We believe that pursuant to the rationale of *Commonwealth v. Cameron,* 197 Pa. Super. 403, 179 A.2d 270 (1962), defendant is not relieved of her liability for Jeffrey's support. In *Cameron,* after the divorce of the child's natural parents her mother remarried (husband). Mother and

---

1. Unlike the record in the support action against the Leppos at DR-99-87.

husband executed a release relieving father of his liability for the support, education, maintenance and welfare of the child. Therein husband agreed to assume these duties. When mother sued father for support of the child the lower court held that husband had placed himself in loco parentis to the child and father was therefore relieved of his responsibility. On appeal the Superior Court affirmed. The court first observed that parents cannot bargain away the right of a child to receive support, however, where the agreement to do so is fair and reasonable and made without fraud, coercion and prejudice to the welfare of the child, it will be enforced.

The court concluded that husband assumed the obligation to support the child, to the extent of relieving father until such time as it was shown that mother and husband could not support her. The record presented no evidence to show that mother and husband were not supporting the child or that they were unable to support the child. If it was shown otherwise, the burden would then fall upon father. Significantly, Judge Flood wrote that "in the absence of a showing that the cost of maintenance of the child has become a burden upon the public, no order may be properly made against the father." 197 Pa. Super. at 409, 179 A.2d at 273.

In the case sub judice, the child has become a burden upon the public at a present cost of $79 per day. We cannot ignore our ruling in DR-99-87 that, based upon the evidence presented, no liability was placed upon the Leppos as in loco parentis. Therefore, as a practical matter, the Leppos are not supporting and are not compelled to support Jeffrey. Thus, we find that defendant is liable. This result may seem unfair, however, based upon the inconsistent records in DR-99-87 and DR-100-87, we could reach no other conclusion.

Therefore, we enter the following

## ORDER

And now, this November 13, 1987, the court finds that defendant is liable for the support of Jeffrey Allen Leppo. The case is remanded to the domestic relations office to schedule a conference on the issue of amount.