Commonwealth ex rel. Morgan *v.* Smith,
Appellant.

Argued December 16, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Samuel Kravitz*, with him *Melvin B. Goldstein*, for appellant.

*Joseph G. Feldman*, with him *Stephen M. Feldman*, and *Feldman & Feldman*, for appellee.

OPINION PER CURIAM, March 23, 1967:
Order affirmed.
HOFFMAN, J., filed a dissenting opinion, in which MONTGOMERY, J., joined.
SPAULDING, J., dissented.

---

DISSENTING OPINION BY HOFFMAN, J.:
I dissent.
This is an appeal from an order of the County Court of Philadelphia directing defendant, George Smith, to pay $10.00 a week for the support of a child, George Smith, Jr., until he attains eighteen years of age.
The child's mother, Mrs. Elizabeth B. Morgan, filed a petition for support in the County Court of Philadelphia under The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P. L. 431, §1 et seq., as

amended, 62 P.S. §2043.31 et seq. Her petition alleged that defendant was the child's father and, further, that defendant had wilfully and maliciously neglected to maintain and support the child.

The sole witness at the hearing was Mrs. Morgan. She testified that when the child was born in 1957, she was the wife of Clarence H. Morgan from whom she had been separated since 1946. There was no evidence that she had ever been divorced from her husband or that he was not living. Mrs. Morgan further testified that she had lived with defendant from 1948 until 1965, and that defendant had supported her child from the date of his birth until 1965. Finally, Mrs. Morgan stated that she had not heard from her husband since 1946, and that she had not engaged in sexual relations with any man other than defendant from 1948, when she started to live with him, until the child was born in 1957. In addition, the child's birth certificate was introduced into evidence. This certificate was signed by Mrs. Morgan as mother and by defendant as father.

The lower court found that Mrs. Morgan had failed to prove nonaccess by competent witnesses. Nonetheless, the court stated: "While recognizing the plaintiff's failure to prove nonaccess by competent witnesses prevents a finding that defendant was the father and a determination of paternity under the Civil Procedural Support Law, nevertheless, we are of the opinion that the defendant stood in the position of 'in loco parentis' to this child and should continue to maintain and support him as he has done from the time of the child's birth, March 1, 1957, until January 15, 1965."

In my opinion, our Court, in affirming the order of the lower court by per curiam order, has too casually introduced into our Commonwealth a new concept of law, one that is fraught with many dangers.

It is true that we have often recognized the legal status of a person "in loco parentis". In virtually all

of these cases, however, the status has arisen under the Workmen's Compensation Act which specifically provides for such situations. The Pennsylvania Workmen's Compensation Act, §307, as amended, 77 P.S. §562.

In very few cases, however, have our courts found that a person could be held liable for support on the ground that he had purposefully and intentionally "put himself in the situation of a lawful father of the child with reference to the father's office and duty of making provision for the child. . ." *D'Auria v. Liposky,* 197 Pa. Superior Ct. 271, 277, 177 A. 2d 133 (1962), quoting *Robinson's Estate,* 35 Pa. Superior Ct. 192, 195 (1908). See also *Commonwealth v. Cameron,* 197 Pa. Superior Ct. 403, 179 A. 2d 270 (1962).

Moreover, in all of these cases, the person upon whom the duty to support was imposed bore some legal relationship to the minor or the minor's parent. In no case, however, have we held that a party in a meretricious relationship might be found liable for the support of a child not his own because he stood "in loco parentis."

In this regard the case of *Kransky v. Glen Alden Coal Co.,* 354 Pa. 425, 47 A. 2d 645 (1946), is enlightening. *Kransky* was a workmen's compensation case in which a child was attempting to qualify for benefits under the Workmen's Compensation Act. Decedent Kransky had been living in a meretricious relationship with the child's grandmother for the preceding eight years. The grandmother had a lawful husband from whom she had never been divorced. The Court held: "The unlawful relation between them, of course, did not preclude Kransky's assuming the place of a parent to the child if that was what he in fact intended to do. . . . But there is nothing in the record in this case which shows with any reasonable certainty that such was Kransky's intention. The impermanence of the

living arrangement between him and Mrs. Coates demanded some more affirmative indication that he intended to assume responsibility for the child than did the mere fact that, while the grandmother continued to live with him, her grandchild was supported out of the household funds which he supplied.

"Furthermore, the child's natural father was living, but there was neither allegation nor proof that he was unable to provide for the child." Id. at 428-29.

Thus, while recognizing that the Workmen's Compensation Act must be construed liberally, the Supreme Court refused to apply the concept of "in loco parentis" in this case.

The caution which the Supreme Court exhibited under the Workmen's Compensation Act must be especially exercised when considering an obligation to support. The potential for danger and injustice in these situations is very great. To impose such a duty upon an individual should require the very strongest proof of intent. Consider, for example, the unfairness which would result if one who agrees to support several children out of charity should find, with the passage of time, that his voluntary act has been transformed into a duty.

Without considering whether the facts in this case warrant the imposition of support, however, I would reverse the lower court, because it based its order on a finding that was neither alleged in the complaint nor made the subject of the court hearing. The sole issue at trial was whether defendant was the putative father. The plaintiff did not suggest that defendant was liable for support because of the assumption of parental responsibilities nor did defendant defend on this issue.

Indeed, the defendant did not testify at all, perhaps because he was secure in the knowledge that the presumption of access could not be overcome. His testi-

mony, if presented, might have established that he had never intended to assume such responsibility.

It is true that the modern rules of pleading and practice have been liberalized to assure that technicalities in pleadings are not used to perpetrate injustices. See Pa. R. C. P. No. 1019 and commentary thereto. The very liberality of these rules, however, should not serve to allow injustice to be perpetrated. In my opinion, the court abused its discretion by basing a support order on a theory which has no precedent in our jurisprudence and to which neither party alluded at trial. I would remand this case to the lower court for a further hearing to determine whether defendant had in fact evinced a specific intent to assume the rights, duties and responsibilities of a lawful parent to the child. Only after these factual issues are fully tried and presented before us should we determine the extent to which a person may be found to be "in loco parentis."

MONTGOMERY, J., joins in the dissenting opinion.