## Smith *v.* Smith, Appellant.

Argued March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Harry B. Goldberg,* with him *Goldberg, Evans & Katzman,* for appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY VAN DER VOORT, J., June 24, 1975:

This appeal arises from an order granting the appellee husband a divorce on grounds of desertion. Both the appellant wife and her husband were represented at hearings before a Master appointed by the Dauphin County Court; that Master recommended that a divorce be granted. The lower court, after review of the Master's Report, and the record, adopted the Master's recommendation and dismissed the appellant's exceptions. On appeal, no counsel entered an appearance for appellee and no brief was filed on his behalf.

The divorce (grounded on desertion) was granted on the basis that the wife refused to move along with her

husband, from Harrisburg to Scranton, when he accepted a new pastorate in the latter city. The lower court relied upon the line of cases holding that it is the duty of the wife to live with her husband in a home provided by him which is reasonably suitable according to his means. See *Sacks v. Sacks*, 200 Pa. Superior Ct. 223, 188 A.2d 856 (1963). Further, a husband has the right (as established in such cases) to change his home if his work, comfort, or even his convenience requires it, and the wife is guilty of desertion if the proposed new home is suitable, but she refuses to join him. *Yohey v. Yohey*, 205 Pa. Superior Ct. 329, 208 A.2d 902 (1965); *Kowalchick v. Kowalchick*, 187 Pa. Superior Ct. 201, 144 A.2d 742 (1958).

At oral argument, the appellant argued against the above-mentioned doctrines on equal protection and due process grounds. Her arguments were obviously thought-provoking, but she totally failed to make any such challenges before coming to oral argument before our Court. The transcript of the Master's hearing, and the Master's Report bear no evidence of such issues being raised. The lower court opinion explicitly states: "The defendant's exceptions attack not the applicable legal principle, but the underlying factual determination. . . ." Appellant's brief likewise contains no constitutional argument, but merely an attack on the fact findings of the Master and the lower court. Under the present circumstances, the constitutional arguments cannot be raised for the first time in the appellate court and must be deemed to have been waived. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

With regard to appellant's other attack on the finding of desertion and Order of Divorce, we find no abuse of discretion or error meriting reversal. The appellant wife simply refused to leave Harrisburg, despite constant requests from her husband, who had provided suitable accommodations for his family in Scranton, the site of a

pastorate for which he had received a calling. Under presently existing case law, such refusals constitute desertion sufficient to support an Order of Divorce.

Affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.