385 A.2d 968

**Linda POLICINO, a minor by Albert A. Hartman and Lillian R. Hartman, her parents and natural guardians and Albert A. Hartman and Lillian R. Hartman, Appellant,**

**v.**

**Alan Jeffrey EHRLICH and Leonard Policino.**

Supreme Court of Pennsylvania.

Argued Jan. 20, 1977.

Decided April 28, 1978.

6

Irwin S. Lasky, Philadelphia, Israel Packel, Harrisburg, for appellant.

Charles J. Bogdanoff, Philadelphia, for appellee, Leonard Policino.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal is from an order of the Court of Common Pleas of Montgomery County, which granted appellee's motion to strike a judgment. The Superior Court affirmed. *Policino v. Ehrlich and Policino,* 236 Pa.Super. 19, 345 A.2d 224 (1975). A petition for allowance of appeal was filed, and was granted by this court.

Appellant, Linda Policino, was involved in an automobile accident on March 22, 1969, while she was a passenger in a car operated by appellee, Leonard Policino. The Policino vehicle collided with an automobile operated by Alan Jeffrey Ehrlich. At the time of the accident, appellant, then Linda Hartman, was an unmarried minor. Appellant and appellee were married in April of 1969.

In July of 1970, appellant-wife filed suit against Ehrlich in the Court of Common Pleas of Montgomery County. Ehrlich, who has not been a party in any of the appeals, joined appellee-husband as an additional defendant, alleging that Mr. Policino was either solely or jointly liable to his wife. On March 13, 1973, a jury found that appellee-husband was solely liable to his wife for $10,000. Mr. Policino filed

neither a motion for a new trial nor for judgment n. o. v. On April 13, 1973, the verdict was reduced to judgment. No appeal was filed.

In September of 1973, appellant-wife instituted garnishment proceedings with the writ of execution, service, levy and attachment served in Erie County, home of appellee-husband's insurance company, Erie Insurance Exchange. The insurance company, as garnishee, petitioned the court to set aside the writ. In December of 1973, Mr. Policino instituted proceedings in Montgomery County to strike the judgment as not in accordance with the Pennsylvania interspousal immunity law.[1]

In January of 1974, while the Montgomery County Court was considering Mr. Policino's motion to strike the judgment, the Court of Common Pleas of Erie County granted the insurance company's petition to set aside the writ, based on interspousal immunity. No appeal was taken from the Erie County order.

The Court of Common Pleas of Montgomery County ordered the judgment stricken on November 26, 1974, again based on interspousal immunity. Following an affirmance by the Superior Court, we granted appellant-wife's petition for allowance of appeal.

The Act of June 8, 1893, P.L. 344, § 3, 48 P.S. § 111 provides:

"Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; *but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property*; nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property; nor may she be arrested or imprisoned for her torts." 48 P.S. § 111. (Emphasis added.)

1. Act of June 8, 1893, P.L. 344, § 3, 48 P.S. § 111.

In *DiGirolamo v. Apanavage,* 454 Pa. 557, 312 A.2d 382 (1973), we held that an unliquidated tort claim is not separate property of the wife, even where the tort preceded the marriage. This statute, however, does not bar an original defendant from joining a husband as an additional defendant; rather, it precludes a wife's recovery from her spouse. *Daly v. Buterbaugh,* 416 Pa. 523, 207 A.2d 412 (1964).

Appellant first argues that the Pennsylvania interspousal immunity law violates the Equal Protection Clause of the United States Constitution. Appellant, however, has raised this argument for the first time in this court. Having failed to argue in both the Court of Common Pleas of Montgomery County and the Superior Court, appellant is precluded from raising the issue for the first time in this court. *Dilliplaine v. Lehigh V.Tr.Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

Appellant next argues that her husband has waived the right to assert interspousal immunity by failing to raise the issue in a timely fashion. We agree.

The defense of interspousal immunity does not involve subject matter jurisdiction. Therefore; it can be waived. *Dryer v. Yoest,* 113 P.L.J. 376 (1975). Mr. Policino never objected to the verdict, nor did he file a motion for a judgment n. o. v. No post-verdict motions were filed, nor was a direct appeal taken from the judgment entered in Montgomery County in April, 1973. We believe that Mr. Policino's inaction in failing to file any post-verdict motions or to appeal the judgment entered on the verdict precludes any collateral attack of such judgment in either Erie or Montgomery Counties. See *East Broad Top Transit Co. v. Flood,* 326 Pa. 353, 192 A. 401 (1937); and *Cole v. Wells,* 406 Pa. 81, 177 A.2d 77 (1962).

Order of the Superior Court is reversed, the order of the trial court granting the motion to strike is reversed and the judgment in favor of the wife-appellant is reinstated.

JONES, former C. J., took no part in the consideration or decision of this case.

10

ROBERTS, J., files a concurring and dissenting opinion.

POMEROY, J., concurs in the result.

ROBERTS, Justice, concurring and dissenting.

I agree with the majority that the order of the Superior Court should be reversed because appellee failed timely to assert the defense of interspousal immunity and the Court of Common Pleas of Montgomery County therefore should not have considered this defense. The order of the Court of Common Pleas of Erie County is not before us and therefore we should not pass on its propriety.

Because the issue of interspousal immunity is not properly before us, there is no need to comment upon the continuing vitality of that doctrine, or of *DiGiralomo v. Apanavage,* 454 Pa. 557, 312 A.2d 382 (1973) (interspousal immunity).