## Yohe v. Yohe

*Lester S. Becker*, for plaintiff.
*Gwilym A. Price, III*, for defendant.

DILLON, *J.*, May 10, 1979—A complaint for support has been filed in behalf of Roger Bruce Yohe, Jr. Paragraph 7 of the complaint alleges: "While the Defendant, Roger Bruce Yohe, is not the

natural or adoptive father of the Plaintiff, Roger Bruce Yohe, Jr., the Defendant has assumed the status of 'in loco parentis' towards the aforementioned minor child in that he has assumed a parental status relative to said minor child."

Defendant, Roger Bruce Yohe, has filed preliminary objections in the nature of a demurrer. Paragraph III of the preliminary objections states that plaintiff seeks to establish the doctrine of "in loco parentis" as the basis for defendant's support.

For the purpose of this proceeding, we must take as true the well-pleaded facts outlined in the complaint and all inferences fairly deducible therefrom. Paragraph 7 of the complaint sets forth the well-pleaded facts.

The definition for duty of support is found in 42 Pa.C.S.A. §§6702, 6742. The salient feature of the definition is "a duty of support whether imposed or imposable by law . . ."

The problem confronting the court is to decide whether under Pennsylvania law the concept of "in loco parentis" imposes a duty of support under law. There are no appellate court cases directly on support. However, there is a case that provides the key to our solution. Reference is made to Com. ex rel. Morgan v. Smith, 429 Pa. 561, 241 A. 2d 531 (1968), and the same case at 209 Pa. Superior Ct. 364, 288 A. 2d 6 (1967). In his brief, counsel for defendant states:

"Judge Hoffman's dissenting opinion . . . was impliedly endorsed by the Supreme Court. His opinion states:

" 'In my opinion, our Court, in affirming the order of the lower court . . . has too casually introduced into our Commonwealth a new concept of law, one which is fraught with many dangers.

"'It is true that we have often recognized the legal status of a person "in loco parentis." In virtually all of these cases, however, the status has arisen under the Workmen's Compensation Act which specifically provides for such situations.

"'In very few cases, however, have our courts found that a person could be held liable for support on the ground that he has purposefully and intentionally "put himself in the situation of a lawful father of the child with reference to the father's office and duty of making provision for the child. . . . "

"'The potential for danger and injustice in these situations is very great. To impose such a duty upon an individual should require the very strongest proof of intent. Consider, for example, the unfairness which would result if one who agrees to support several children out of charity should find, with the passage of time, that his voluntary act has been transformed into a duty.'"

Plaintiff, in her brief, acknowledges the scope of the doctrine in the support area is admittedly uncertain. The workmen's compensation cases are of no help to her position nor is the fact that the Internal Revenue Service allows a dependency deduction for a stepchild. These two matters are statutory in origin.

This court does not intend to open this Pandora's box in the support area. We intend to limit our support orders to cases where there can be a finding of parenthood, which means the father or mother, as the case may be, is either a natural or adoptive parent.

It is, therefore, the position of this court that the doctrine of "in loco parentis" is not applicable to support cases.

Plaintiff also contends that defendant is equitably estopped from denying his obligation to support. The complaint alleges that the parties were married on September 5, 1975, that the minor was conceived approximately four months prior to the parties' marriage, and that a decree in divorce was entered July 26, 1978. Under the circumstances of this case, this court holds that defendant is not equitably estopped from denying his obligation to support.

## ORDER

Now, May 10, 1979, in conformance with the foregoing memorandum opinion, it is ordered: (1) the demurrer to plaintiff's complaint for support is sustained and the complaint is dismissed; (2) defendant is not equitably estopped from denying his obligation to support Roger Bruce Yohe, Jr.