409 A.2d 412

**Betty Lou TURNER, Appellant,**

v.

**Charles A. TURNER.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 1979.

Decided Dec. 21, 1979.

Charles H. Spaziani, Gary Neil Asteak, Easton, for appellant.

Richard Stevens, Allentown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

We are asked to determine whether the Married Women's Property Act bars a divorced woman from suing her ex-spouse on a cause of action which arose while the

parties were married.[1]  We hold that the Act does not preclude suit by an ex-spouse.  It provides only that a "married woman  .  .  .  may not sue her husband," and does not address, preclude or otherwise limit the right of ex-spouses to sue each other.  We reverse the order of the Superior Court and remand with instructions.

On January 26, 1970 appellant Betty Lou Turner filed an action in divorce against appellee Charles A. Turner.  On February 6, 1974, while the divorce action was still pending, appellant was injured in an automobile accident while she was a passenger in a car operated by appellee.  A decree of divorce was granted on April 29, 1974.  On September 23, 1975 appellant filed an action in trespass against appellee for negligent infliction of injuries she sustained in the automobile accident.  At a pretrial conference, the parties agreed to submit to the court the issue of the applicability of the doctrine of interspousal immunity.  The Court of Common Pleas of Northampton County granted summary judgment for appellee based on this doctrine.  The Superior Court affirmed, and this Court granted allowance of appeal.[2]

The court of common pleas and the Superior Court assumed, as does appellee here, that the doctrine of interspousal immunity applies to this case.  This assumption, based on a view that marital status at the time of injury controls, is erroneous.  The oft-quoted statement of the doctrine is that "a spouse may neither sue nor recover on a tort claim from the other spouse while the parties are married." *Policino v. Ehrlich*, 236 Pa.Super. 19, 21, 345 A.2d 224, 226, rev'd on other grounds, 478 Pa. 5, 385 A.2d 968 (1978).  Here, however, appellant is not suing her "spouse while the parties are married."  The doctrine is also said to be derived from the Married Women's Property Act. *DiGirolamo v. Apanavage*, 454 Pa. 557, 312 A.2d 382 (1973); *Daly v. Buterbaugh*, 416 Pa. 523, 207 A.2d 412 (1964).  The Act provides that:

1.  Act of June 8, 1893, P.L. 344, § 3, as amended by the Act of March 27, 1913, P.L. 14, § 1, 48 P.S. § 111 (1965).  Text of statute, infra.

2.  This Court has jurisdiction pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, § 204, 17 P.S. § 211.204 (Supp.1978).

"Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property; nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property."

But appellant at institution of suit was no longer a "married woman," nor appellee her "husband." The statute and our cases interpreting it make clear that suit is precluded only when, at the time of its institution, the parties are married.[3]

The express terms of the Act and our case law plainly demonstrate that it is not the existence of the marital relationship at the time that the injury occurs which is controlling. Rather, it is the existence of the marital relationship at the time of suit which is determinative. The Act, for example, has been held to bar a husband or wife from suing on torts occurring prior to the marriage. *DiGirolamo v. Apanavage*, supra; *Meisel v. Little*, 407 Pa. 546, 180 A.2d 772 (1962). Spouses attempting to recover for prenuptial torts, however, come within the express prohibition of the statute. Hence it must be concluded that here, where at the institution of suit the parties are no longer "spouses," no disability exists.

So too on other occasions our Court has refused to prohibit suit where the marital relationship has terminated. In *Johnson v. Peoples First National Bank and Trust Company*, 394 Pa. 116, 145 A.2d 716 (1958), we held that a widow was

---

**3.** Whether this interpretation of the statute is correct or wise is not before us today since the Act, by its terms, does not apply when the parties no longer stand in the relationship of husband and wife. Even had we not advanced from the anachronistic view that a wife's legal existence is suspended during marriage, 1 Blackstone, Commentaries *442, 443; 2 id. *433; Co. Litt. § 3a, or that a wife and a husband are "one person, one entity," *Meisel v. Little*, 407 Pa. 546, 548, 180 A.2d 772, 773 (1962), after termination of the marital relationship, there is no disability affecting the right to sue one's former spouse.

not barred from suing her deceased husband's estate for personal injuries arising out of an automobile accident which occurred during their marriage. There this Court stated:

> "The tort of a husband or wife which visits injury upon the wife or husband results in a cause of action; by reason of public policy such cause of action cannot be enforced during coverture. . . . Danger to marital happiness and harmony arises not from the *existence* of a cause of action arising from the tort, but rather from its *enforcement*. Death having terminated the marriage, domestic harmony and felicity suffer no damage from the allowance of the enforcement of the cause of action."

*Id.*, 394 Pa. at 121, 122, 145 A.2d at 718, 719 (emphasis in original).

The reasoning in *Johnson* is completely applicable to the present case. Whether marriage is terminated by death or divorce, there is *no bar to the enforcement of an existing* cause of action by a former spouse. Here as in *Johnson*, neither the express language of the Married Women's Property Act, our case law nor any policy considerations preclude suit.

Since we hold that the trial court and the Superior Court erroneously concluded that the doctrine of interspousal immunity barred appellant's claim, we reverse the order of the Superior Court, vacate the order of the trial court granting summary judgment, and remand for proceedings consistent with this opinion.[4]

4. Appellant raises two other claims which we need not discuss in view of our disposition. First, appellant contends that barring her from suit because of her former marriage to appellee violates art. 1, sec. 11 of the Pennsylvania Constitution, which provides that:
> "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . . "
Appellant also maintains that our holding in *DiGirolamo, supra*, that unliquidated damages are not "separate property" within the language of the Married Women's Property Act, is not applicable to this case. She contends that when sought by a divorced party, such damages would constitute "separate property."

408

MANDERINO, J., did not participate in the decision of this case.

EAGEN, C. J., concurs in the result.