419 A.2d 1327

**COMMONWEALTH of Pennsylvania ex rel. Debra BULSON**

v.

**Lee BULSON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed May 16, 1980.

8

Lucinda J. Gannon, Allentown, for appellant.

Gus Milides, Easton, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

SPAETH, Judge:

This is an appeal from a support order. On November 14, 1978, appellee filed a complaint for support under the Civil Procedural Support Law, Act of July 9, 1976, P.L. 586, 42 Pa.C.S.A. § 6741 *et seq.* At a hearing on January 4, 1979, the evidence established the following facts. Appellant's net earnings were approximately $350 per week (N.T. 8–10), and appellee's $149 (N.T. 7). Appellee's monthly expenses were approximately $830.50. (N.T. 6) In calculating her expenses, appellee included the cost of supporting her child by a prior marriage. (N.T. 22). The lower court ordered appellant to pay appellee $55 per week in support, $5 per week of which was for existing arrearages.

Appellant argues: 1) that the Civil Procedural Support Law violates the due process clause of the Pennsylvania Constitution and the United States Constitution; 2) that the lower court's order violates the Equal Rights Amendment to the Pennsylvania Constitution, article 1, section 28; 3) that the lower court abused its discretion.

Appellant has waived his first two arguments because he did not make them to the lower court. As a general rule, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).* *See Commonwealth v. National Federa-*

---

* It is also noted that appellant failed to comply with Pa.R.Civ.P. 235, which requires parties who raise constitutional challenges against a statute in civil cases to plead the issue and to give notice to the

*tion of the Blind*, 471 Pa. 529, 536, 370 A.2d 732, 736 (1977) (failure to object to service); *Wenzel v. Morris Distributing Co.*, 439 Pa. 364, 374, 266 A.2d 662 (1970) (same); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974) (failure to object to charge); *Brunswick Corp. v. Key Enterprises*, 431 Pa. 15, 244 A.2d 658 (1968) (failure to object to testimony). Waiver may not be avoided by alleging the error to be basic and fundamental, *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), or of constitutional dimension, *Policino v. Ehrlich*, 478 Pa. 5, 385 A.2d 968 (1978). In *Policino* the Supreme Court held that the issue of whether an interspousal immunity law denied the defendant equal protection could not be raised for the first time on appeal from this court. Similarly, in *Smith v. Smith*, 235 Pa.Super. 286, 340 A.2d 552 (1975), this court held that issues of due process and equal protection asserted by a wife in a divorce action could not be raised for the first time on appeal.

Appellant argues that the lower court abused its discretion in that it took into account the cost to appellee of supporting her child, and also in that the amount was excessive.

 It is axiomatic that the lower court has wide discretion in determining the proper amount of support; unless the court has clearly abused its discretion, its order will be upheld. *Commonwealth ex rel. Berry v. Berry*, 253 Pa.Super. 268, 384 A.2d 1337 (1978); *Commonwealth v. Turner*, 258 Pa.Super. 388, 392 A.2d 848 (1978); *Commonwealth ex rel. Delbaugh v. Delbaugh*, 258 Pa.Super. 127, 392 A.2d 717 (1978). In exercising its discretion, the standard the court should apply is that any support ordered must be based on the financial need of the party receiving the support and the financial capacity of the party ordered to pay the support. *Henderson v. Henderson*, 224 Pa.Super. 182, 303 A.2d 843 (1972).

Attorney General. *Irrera v. Southeastern Pennsylvania Transp. Auth.*, 231 Pa.Super. 508, 331 A.2d 705 (1974).

■ It is clear that appellee presented sufficient evidence of her financial need. According to her testimony, her net weekly earnings were $149, or approximately $645 per month. Appellee's expenses were alleged to be $830.50 per month. It is also clear that appellee's financial need included the need to support her child. The evidence was that appellee had been receiving no support for her child from the child's father, and further, that appellant was fully aware of this when he married appellee. (N.T. 4) It is true that appellant has not adopted appellee's child. However, this court has stated that a stepfather who lives with his wife and her natural child may assume the relationship to the child of *in loco parentis*. *Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879 (1971). The rights and liabilities arising out of that relationship are in many respects the same as between parent and child. *Commonwealth v. Cameron*, 197 Pa.Super. 403, 407, 179 A.2d 270, 272 (1962). In *Cameron*, a child who had been in her mother's custody since her mother's divorce, was living with her mother and stepfather. The mother and stepfather had in writing expressly released the child's father from any obligation to support the child. We recognized that neither the mother nor anyone else could bargain away the child's right to support from her father. However, we nevertheless held that, in the absence of any evidence that the mother and stepfather could not support the child, the stepfather had assumed the obligation to support the child to the extent of relieving the father of that obligation. While here there was no evidence that appellant released the child's father—appellee's first husband from any obligations to support the child, the lower court nevertheless had ample evidence from which to infer that appellant assumed the obligation himself when he married appellee, knowing that she had a child in need of support. We therefore conclude that the lower court did not abuse its discretion in taking into account the cost to appellee of supporting her child.

■ We also conclude that the lower court did not abuse its discretion in ordering appellant to pay $55 per week.

This amount was approximately one–seventh of appellant's net weekly income.

Affirmed.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

It is true that a stepfather who lives with his wife and her natural child may assume the relationship to the child of *in loco parentis*. *Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879 (1971). "The status of 'in loco parentis' embodies two ideas: first, the assumption of a parental status, and, second, the discharge of parental duties." *Com. ex. rel. Morgan v. Smith*, 429 Pa. 561, 565, 241 A.2d 531, 533 (1968). The existence of such a relationship is largely dependent upon the intention of the person assuming the parental status. *Com. ex rel. Morgan v. Smith*, 209 Pa.Super. 364, 367, 228 A.2d 6 (1967) (dissenting opinion), rev'd 429 Pa. 561, 241 A.2d 531 (1968); *D'Auria v. Liposky*, 197 Pa.Super. 271, 277, 177 A.2d 133 (1962). In this case, the record is devoid of any indication that the appellant did assume or intended to assume the responsibilities of a parent. Mere knowledge of the stepfather that the natural father was not supporting the child does not create an "in loco parentis" relationship. This is especially true where, as here, the mother was employed and supporting her child prior to the marriage.

Further, to assess the stepfather child support, where only spouse support is sought, is improper. Both the lower court and the majority find support for the award in the expenses covering both Mrs. Bulson and her child. There is no difference between awarding spouse support which takes the child's expenses into consideration and *sua sponte* fixing a separate award of child support.

I dissent.