422 A.2d 675

Eugene CIARROCCA and Jennie Ciarrocca, H/W

v.

John CAMPBELL and Eugene Ciarrocca,
Additional Defendant.

Appeal of Eugene CIARROCCA, Additional Defendant.

Eugene CIARROCCA and Jennie Ciarrocca, H/W, Appellants,

v.

John P. CAMPBELL and Eugene Ciarrocca.

Eugene CIARROCCA and Jennie Ciarrocca, H/W

v.

John P. CAMPBELL and Eugene Ciarrocca,
Additional Defendant.

Appeal of Eugene CIARROCCA, Additional Defendant.

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed Oct. 31, 1980.

William H. Kinkead, III, Norristown, for Eugene Ciarrocca, appellant in Nos. 2093 and 421 and appellee in No. 2437.

Edward Rubin, Lansdale, for Eugene and Jennie Ciarrocca, appellants in No. 2437 and appellees in Nos. 2093 and 421.

Richard T. Abell, Ambler, for Campbell, appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

HESTER, Judge:

Presently before the court are three appeals which were consolidated by order of this court dated March 16, 1979. We affirm.

This interesting set of operative facts originated from an automobile accident which occurred on November 18, 1972. Eugene Ciarrocca and Jennie Ciarrocca, as husband and wife, filed a complaint in trespass against original defendant John P. Campbell in January of 1974. Thereafter, original

---

* Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

defendant John P. Campbell joined plaintiff–driver Eugene as an additional defendant pursuant to Pa.R.C.P. 2252(d) in Jennie's case alleging that Eugene was negligent in the operation of his motor vehicle in which his (Eugene's) wife was a passenger.

On March 25, 1977, a Montgomery County jury rendered a verdict in favor of the original defendant John P. Campbell in Eugene and Jennie's cause of action against him; but also awarded Jennie damages in the amount of $3,000 against Eugene (her husband) *as the additional defendant.* Eugene and Jennie, as plaintiffs, filed post–trial motions and by order dated July 5, 1978, the trial court (a) denied plaintiff Eugene's post–trial motions for a new trial or for judgment n. o. v. but (b) granted plaintiff–wife Jennie's motion for a new trial on her cause of action against Eugene (her husband) only, said new trial to be limited to the question of damages. Eugene has filed one of the consolidated appeals herein from said order of court wherein his motions for new trial and for judgment n. o. v. filed by him as plaintiff, were denied (No. 2093 October Term, 1978).

On July 12, 1978, Eugene in his capacity as additional defendant, thereafter filed a motion for judgment n. o. v. *nunc pro tunc.* On February 13, 1979, the lower court dismissed additional defendant Eugene's motion for judgment n. o. v. *nunc pro tunc.* Thereafter, additional defendant Eugene appealed the dismissal of this order (No. 421 October Term, 1979).

On August 29, 1978, judgment was entered on the verdict in favor of original defendant, John P. Campbell and against plaintiffs Eugene and Jennie; thereafter they appealed the entry of that judgment (No. 2437 October Term, 1978). All three appeals, to–wit, No. 2093 October Term, 1978, taken from the July 5, 1978 order by Eugene as plaintiff; No. 2437 October Term, 1978 taken by both Eugene and Jennie as plaintiffs from the entry of judgment in favor of original defendant; and No. 421 October Term, 1979 taken by Eugene from the order of February 13, 1979 as additional defendant from the denial of his motion for judgment n. o.

v. *nunc pro tunc*, were consolidated for argument and briefing by order of this court dated March 16, 1979.

We conclude that the lower court acted properly in its July 5, 1978 order wherein it denied Eugene's motion in his capacity as a plaintiff, for a new trial and for judgment n. o. v. Our review of the trial court's dealing with the original defendant's alleged violations of section 1007 of the Motor Vehicle Code, as the result of his passing in the right–hand lane, was proper under the attending circumstances. Because of the conflicting testimony and the definitions of the words "overtaking" and "pass" found in Section 102 of the Motor Vehicle Code, we conclude that the trial court acted properly in not charging the jury that the original defendant was negligent as a matter of law. Accordingly, we find that *Shakley v. Lee*, 368 Pa. 476, 84 A.2d 322 (1951) is distinguishable by its facts and not controlling the instant issue.

Whether or not the original defendant violated any provisions of the Motor Vehicle Code or was otherwise negligent, were issues of fact which were properly submitted to the jury for resolution. Unfortunately for the original plaintiffs Eugene and Jennie, the jury chose to believe the version of the accident submitted by the original defendant. The lower court's opinion in this regard dated September 26, 1978, accurately defines a jury's responsibilities in resolving both questions of credibility and conflicting versions of how an accident took place. The jury satisfied its functions in these two particulars. Moreover, the trial court's charge was proper in all material respects. We therefore conclude that the order dated July 5, 1978 dealing with Eugene's motion for new trial and judgment n. o. v. was properly denied.

The second part of that order wherein the court granted Jennie's motion for new trial as to her cause of action against her husband Eugene only, as the additional defendant, said new trial being limited to the question of damages, was similarly properly issued. The lower court in both its accompanying and supplemental opinions, properly

concluded that the trial judge erred in excluding her medical bills from her claim; therefore, the verdict in her favor was inadequate. The evidence at trial demonstrated that Jennie was the breadwinner of the family, Eugene having been disabled long before the accident. Thus, the trial judge's charge which indicated that plaintiff–husband Eugene was obligated for his wife's bills, was in error; the jury should have been instructed to consider Jennie's bills as part of her own case. Thus, the verdict of $3,000 for Jennie as wife–plaintiff was inadequate, considering her medical expenses of approximately $3,400.00, her loss of wages in the approximate sum of $8,000.00, and her diminution in earning capacity reduced to its present value of approximately $16,000.00, and her pain, suffering and inconvenience. See *Todd v. Bercini*, 371 Pa. 605, 92 A.2d 538 (1952). Since Jennie was a passenger in her husband's vehicle, there could not have been a compromise verdict in her favor. The trial judge properly charged, "under the circumstances, she cannot be contributorily negligent . . . . She would be entitled to recover against one or the other." As the *Todd*, supra, court articulated:

A trial is a systematized, organized procedure for determining the truth and awarding justice with precision, to the extent that precision can be ascertained through fallible human agencies. A trial is not to be a mere conscious approximation of reality. It is not the province of a jury to decide *generally* the issue presented to it for decision, in the spirit of boundless generosity or restrained benevolence. If (plaintiff) was entitled to a verdict from the defendant because of the injuries he inflicted upon her as the result of his negligence, she was entitled to *all* that the law provides in such a case. And the items of pain, suffering and inconvenience, as well as loss of wages and impairment of earning power, are inevitable concomitants with grave injuries when suffered by a wage–earner. A jury may not eliminate pain from wounds when all human experience proves the existence of pain, and it may not withhold lost wages when the evidence in the case uncontradictedly establishes the loss of wages as the result of

the negligence which they, the jury, have adjudicated against the responsible defendant. When it is apparent that a jury by its verdict holds the defendant responsible for a whole loaf of bread, it may not then capriciously cut off a portion of that loaf as it hands it to the plaintiff.

The recent case of *Strokan v. Turnbull*, 480 Pa. 71, 389 A.2d 90 (1978) confirms the propriety of the granting of a limited retrial on the issue of damages alone where the issue of liability has been determined by a jury in a trial free from error and, in that limited retrial, the prior verdict on the issue of liability in favor of one defendant releases that defendant from having to undertake a second defense in said retrial. Thus we affirm both parts of the lower court's July 5, 1978 order.

We similarly affirm the lower court's order of February 13, 1979 wherein additional defendant Eugene's motion for judgment n. o. v. *nunc pro tunc*, was denied. Eugene argues that his motion for judgment n. o. v. *nunc pro tunc* should have been granted on the basis of the doctrine of interspousal immunity found in the Act of June 8, 1893, P.L. 344 § 3, as amended, 48 P.S. § 111, wherein in all but limited instances, a married woman may not sue her husband. It is admitted by additional defendant Eugene that at the close of the trial, he failed to file a written request for binding instructions on the doctrine of interspousal immunity as required by the Act of April 22, 1905, P.L. 286. Moreover, it is also admitted that he failed to timely file a motion for judgment n. o. v., which failure normally constitutes an incurable waiver of his subsequent right to do so. However, Eugene, as additional defendant, contends that the holding in *Policino v. Ehrlich*, 478 Pa. 5, 385 A.2d 968 (1978), legitimizes and cures the untimely filing of his motion for judgment n. o. v.

We disagree. *Policino*, supra, does not change the doctrine of interspousal immunity. In fact, the Supreme Court in *Policino* concluded that the defense of interspousal immunity could be waived. We conclude that additional defendant Eugene's failure to file a written request for binding

instructions and a timely motion for judgment n. o. v., constitutes an incurable waiver of said interspousal immunity defense.

We are cognizant of the apparent harshness of this order and the anomalous situation that at the time of the retrial limited to damages, wife Jennie will effectively be the plaintiff and husband Eugene the defendant, a situation clearly intended to be avoided vis–a–vis the interspousal immunity statute. Under the complex set of operative facts in the instant case, however, we conclude that same cannot be prevented.

Order affirmed.