433 A.2d 869

**Miriam L. BUPP, Appellant,**

v.

**William L. SNYDER.**

Supreme Court of Pennsylvania.

Argued May 21, 1981.

Decided July 14, 1981.

David W. Bupp, York, for appellant.

Robert J. Stewart, Don I. Cohen, York, for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant, Miriam L. Bupp, commenced this action in trespass by a praecipe for a writ of summons filed in the Court of Common Pleas of York County on August 17, 1973. She filed a complaint on August 9, 1977, seeking damages for injuries sustained in an automobile accident on February 25, 1973, when she was a passenger in a car driven in an allegedly negligent manner by appellee. Both at the time of the accident and at the time of the issuance of the summons the parties were unmarried. However, the parties were wed sometime thereafter, on a date unspecified in the record. They continue to be married.

On April 11, 1979, appellee filed an answer and new matter, raising the affirmative defense of interspousal immunity. The trial court granted appellee's motions for summary judgment and a stay of all further proceedings for the duration of the marriage. The Superior Court affirmed, and this Court granted allowance of appeal.

Appellant argues that this action is not barred by the defense of interspousal immunity because, even though the parties married during the pendency of the action, they were not married at the time suit was commenced. She relies on *Turner v. Turner*, 487 Pa. 403, 409 A.2d 412 (1979), where, in permitting a cause of action by a divorced spouse for injuries sustained while married, this Court stated: "[S]uit is precluded only when, at the time of its institution, the parties are married.... [I]t is the existence of the marital relationship at the time of suit which is determinative." 487

Pa. at 406, 409 A.2d at 414. Appellant further argues that the doctrine of interspousal immunity is unjustified and should be abrogated by this Court.

*Hack v. Hack,* 495 Pa. 300, 433 A.2d 859 (1981), abolishes the defense of interspousal immunity as a bar to suits in the courts of this Commonwealth. There this Court stated:

"We reject the opportunity present on these facts to engraft exceptions onto an outmoded and unwarranted doctrine which denies a litigant, because of marital status and relationship, the opportunity to prove his or her claim in court. Instead, we conclude that a tortfeasor's immunity from liability because of his marital relationship with the injured party cannot be sustained on the basis of law, logic or public policy. Hence we abrogate the judicially-created doctrine of interspousal immunity."

495 Pa. at 303, 433 A.2d at 860–861.

Accordingly, the order of the Superior Court, 285 Pa.Super. 625, 428 A.2d 234, is reversed, the order of the trial court granting summary judgment and stay vacated, and the record remanded for proceedings consistent with this opinion.

O'BRIEN, C. J., did not participate in the consideration or decision of this case.

NIX, J., concurs in the result.

WILKINSON, J., dissents.